30 689
92 395

PARKER and another vs. THE MILWAUKEE & ST. PAUL
RAILWAY COMPANY.

COMMON CARRIERS: *Rule as to limit of liability.*

1. The doctrine of *Wood v. Crocker* (18 Wis., 345), that the "liability of a
railroad company as a common carrier, for goods transported over its
road, continues until the goods are ready to be delivered at their
place of destination on the road, and the owner or consignee has had
a reasonable opportunity to take them away" — adhered to.
2. Where goods arrived at their place of destination on the defendant
company's road at 11 A. M., were unloaded into its depot between 1
and 3 P. M., and were probably ready for delivery to the consignee
about 4 P. M., and the depot was closed as usual at 6 P. M., and was
destroyed with the goods, by fire, the next morning before business
hours: *Held*, that it was not error to find that, after the goods were
ready for delivery, a reasonable time for the consignee to take them
away had not elapsed before their destruction, and that defendant
continued liable for them as a common carrier.

APPEAL from the Circuit Court for *Grant* County.

Before August 30, 1870, the Chicago and Northwestern Rail-
way Company delivered to the defendant company, which is a
common carrier, a lot of goods and merchandise at Watertown,
and another lot at Madison, consigned to the plaintiffs at Bos-
cobel, for transportation to the place of consignment. The de-
fendant transported the goods over its railway, and they arrived
at Boscobel August 30th, at 11 A. M., were unloaded into the
depot of the defendant between one o'clock and three o'clock
P. M., and were probably ready for delivery to the consignees·
by four o'clock P. M. of that day. The custom of the defend--
ant then was to close its depot at six o'clock P. M., and it was
closed at that hour on that day. Before it was so closed, the
plaintiffs had not called for their goods. Early the next morn--
ing the depot and the goods of the plaintiffs therein were
accidentally destroyed by fire, without the fault or negligence.
of the defendant.

A jury trial having been duly waived by the parties, the cir--

cuit court found that after the goods were ready for delivery to the plaintiffs, a reasonable time in which to take them away had not elapsed before they were destroyed; and that the defendant was liable therefor as a common carrier when they were so destroyed. Upon this finding the plaintiffs had judgment for the stipulated value of the goods thus destroyed; and from this judgment the defendant appealed.

*John W. Cary,* for appellant, contended that the obligation of a carrier is to carry to the destination or terminus of the route, and if a consignee or his representative is not there, to deposit with care, in a safe and secure place, according to the usual custom, whether in its own depot or another, and await the pleasure of the consignee. After such deposit the carrier becomes liable only as warehouseman, and the transit of the goods is held to terminate with placing them in the depot. Story on Contracts, §§ 759, 759 b, 759 c; 1 Parsons on Contracts, pp. 619, 20, 663, 4; Angell on Carriers, § 75, 301–307; Edwards on Bailments, pp. 515, 524; *Denny v. New York Central R. R. Co.,* 13 Gray, 481–487; 4 Allen, 520–523; *Union Co. v. Hurt,* 30 Geo., 798; *Jenneson v. Camden & Amboy R. R.,* 4 Am. Law Reg. O. S., 234 and cases cited; *Norway Plains Co. v. Boston & Maine R. R.,* 1 Gray, 263; *Thomas v. Boston,* etc., 10 Met., 472; *Shenk v. Philadelphia,* etc., 60 Pa. St. 109; *McCarty v. N. Y. & Erie R. R.,* 6 Casey, 247; *Bansemer v. Toledo,* 25 Ind., 434; *Railroad Co. v. McCool,* 26 Ind., 140; *Richards v. Michigan Southern R. R.,* 20 Ill., 404; *Porter v. Chicago & R. I. R. R.,* Ib., 407; *Davis v. Michigan Southern R. R.,* Ib., 412; *Chicago & Alton R. R. v. Scott,* 42 Ill., 132; *Francis v. Railroad Co.,* 25 Iowa, 60; opinion of CAMPBELL, J., in *McMillan v. R. R. Co.,* 16 Mich., 128; 18 Iowa, 555; 9 Barr, 144; 11 Richardson (Law), 337; *Goold v. Chapin,* 20 N. Y., 259.

*George C. Hazleton,* for respondents, argued that the liability of the defendant, as a common carrier, continued until the goods were ready to be delivered at the depot and the consignees had a reasonable opportunity to take them away. *Wood v. Crocker,*

Parker and another vs. The Milwaukee and St. Paul Railway Co.

18 Wis., 348; *Fenner v. Buffalo & State Line R. R.*, 44 N. Y., 505; 2 Bush (Ky.), 468; 2 Redfield on Railways, pp. 56, 57; Edwards on Bailments, 521.

LYON, J. We think that the circuit court held correctly that a reasonable time had not elapsed after the goods were ready for delivery and before they were destroyed, for the plaintiffs to take them away. The plaintiffs were not required to do so out of business hours, and the goods were burned before the commencement of business hours on the day after they were placed in the depot of the defendant. Hence the plaintiffs had, probably, only about two hours, certainly much less than one-half of a business day, in which to remove their goods from the depot after the same were ready to be delivered to them. It is not claimed that the plaintiffs knew that their goods had arrived at Boscobel until after the fire. In view of the fact that the time of the arrival of the consignment was necessarily uncertain—depending as it did upon the regularity of trains, the promptness and the exigencies of the business of the various carriers over whose lines the goods necessarily passed, and perhaps upon other conditions—we cannot hold, as a proposition of law, that the plaintiffs were bound, in the exercise of reasonable diligence, to have removed their goods from the depot of the defendant before six o'clock P. M. of the day on which they arrived at Boscobel, or, what is the same thing, before they were burned. This conclusion is reached without regard to the fact that the plaintiffs were doing business at Fennimore, which place was the ultimate destination of the goods, and is several miles distant from Boscobel.

In the case of *Wood v. Crocker*, 18 Wis., 345, this court held that "the liability of a railroad company as a common carrier, for goods transported over its road, continues until the goods are ready to be delivered at their place of destination on the road, and the owner or consignee has had a reasonable opportunity to take them away." If the doctrine of that case is

maintained, the judgment in the present case cannot be disturbed. But we have been strongly pressed by the learned counsel for the defendant to reconsider that decision, and to hold, as the courts in several of the states have held, that when the transit is ended and the goods are placed in the depot of the railway company, the strict liability of a common carrier ceases, and the company from thenceforth is only liable as a warehouseman for the safe keeping of the goods. Among the courts which have so held, are those of Massachusetts, Pennsylvania, Indiana, Illinois, Iowa, and perhaps some others; and these decisions are sustained by some of the elementary writers, among whom is Judge STORY. On the other hand, the doctrine of *Wood v. Crocker*, is sustained by the courts of New Hampshire, Vermont, New York, New Jersey and Kentucky, and by ANGELL, REDFIELD, COOLEY and PARSONS. Indeed some of these authorities go farther, and hold that actual notice must be given to the consignee (if he is accessible), of the arrival of the consignment, and he is allowed a reasonable time thereafter in which to remove the goods, before the extraordinary liability of the carrier, as such, ceases. *Moses v. The Boston & Me. R. R. Co.*, 32 N. H., 523; *Blumenthal v. Brainard*, 38 Vt., 402; *Fenner v. The Buffalo & State Line R. R. Co.*, 44 N. Y., 505; *Morris & Essex R. R. Co. v. Ayers*, 29 N. J. L. R. (5 Dutcher), 393; *Jefferson R. R. Co. v. Cleveland*, 2 Bush. (Ky.), 468; Angell on Carriers, § 313; 2 Redfield on Railways, § 157; 2 Parsons on Contracts (5th Ed.), 189; opinion of Judge COOLEY in *McMillan v. M. S. & N. I. R. R. Co.*, 16 Mich., 79. In the last case the court were equally divided on this question. The authorities which sustain the views of the counsel for the defendant are cited in his brief published herewith.

It will thus be seen that there are two distinct and conflicting lines of authority upon the question; and when the case of *Wood v. Crocker* was decided, the court was entirely free to adopt the rule which seemed to be sustained by the better reasons. While the maxim *stare decisis* may not be applicable to

that decision, still, having been made upon mature deliberation, it should not be lightly overruled. We had occasion to reconsider the question there decided in *Wood v. The Milwaukee and St. P. R. R. Co.*, 27 Wis., 541, and came to the conclusion that it was correctly decided. We have again considered it in the present case, and fail to find any satisfactory reasons for adopting a different rule.

The strongest argument urged against the rule adopted in *Wood v. Crocker* is, that it is less certain than the opposite rule, and not so easily understood and applied. But we are unable to perceive why the argument does not apply with equal force to all other cases where the question of reasonable time or reasonable diligence is involved. In the application of legal rules to particular cases, absolute certainty is not attainable; and while an approximation thereto is very desirable, it is not desirable that it should be attained by a sacrifice of justice. But an extended discussion of the question under consideration is not deemed necessary. It is sufficient to refer to the opinion by Mr. Justice COLE in *Wood v. Crocker*, where the question is discussed at some length.

*By the Court.*—The judgment of the circuit court is affirmed.