LEMKE vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

PRACTICE: SPECIAL VERDICT: APPEALABLE ORDER. *(1) Special verdict inconsistent with general verdict must prevail. (2) Plaintiff not injured by order arresting judgment on general verdict. (3) Appealable order.*
COMMON CARRIER. *(4) Railway not liable for loss of goods by fire after reasonable time to remove them from depot. (5) Goods presumed ready for delivery at any time after receipt at destination. (6) Reasonable time to remove goods, when question for jury; when for court. (7) Defendant not liable on the case stated. (8) Absence of consignee does not extend time of liability of carrier.*

1. Where there is a special finding of facts inconsistent with the general ver-

dict for the plaintiff, the former must control, and defendant is entitled to judgment. R. S., ch. 132, sec. 32.

2. In such a case the plaintiff is not injured by an order of the court merely arresting judgment for the plaintiff on the general verdict, even if it is irregular to arrest judgment in a civil action, under the code.

3. An order arresting judgment in plaintiff's favor *held* not appealable where it appeared that plaintiff was not entitled to such judgment.

4. Where goods carried by a railroad company to their place of destination and there deposited in its warehouse, are kept safely for the consignee until he has had reasonable time to remove them, and are afterwards destroyed by fire, the company is not liable for them as a common carrier.

5. In the absence of proof to the contrary, the presumption is that goods are ready for delivery to a consignee at any time after they are received at the carrier's depot at their place of destination.

6. The question whether the consignee had a reasonable time to remove his goods should be submitted *to the jury*, under proper instructions, when there is a conflict of evidence in respect to material facts bearing upon it, or when the facts are doubtful or complicated and the court cannot satisfactorily determine their weight or importance. But when the facts are few and simple, and are conclusively established by a special finding or by the undisputed evidence, the question of a reasonable time is *for the court*.

7. Plaintiff's goods, shipped by defendant's road to Watertown, were received at the Watertown depot at 5.30 P. M., of Saturday, and were destroyed by fire in said depot about noon of the following Tuesday. *Held*, that plaintiff had a reasonable time to remove the goods, and defendant was not liable as a carrier.

8. The fact that the consignee was absent from Watertown during most of the period between the arrival and destruction of the goods, could not extend the time during which defendant held them as a common carrier.

APPEAL from the County Court of *Milwaukee* County.

On Friday, December 4, 1874, the plaintiff delivered to the defendant company at Milwaukee, for shipment, three boxes of medicine of the value of $190, consigned to his agent, Emil Stellmacher, at Watertown, and notified the latter, by mail, of such shipment. Stellmacher received the notice by due course of mail, and on Saturday, December 5th, at three o'clock P. M., called at the depot of the defendant in Watertown for the goods, but the same had not then arrived there. The goods arrived at Watertown at 5.30 P. M. on the 5th, and were

placed in the defendant's depot, where they remained uncalled for until the Tuesday following, on which day the depot and goods were destroyed by fire, without fault of the defendant. This action is for the value of the goods thus destroyed.

On the trial, the jury found for the plaintiff, and assessed his damages at the value of the goods. At defendant's request, the court instructed the jury to find upon certain questions of fact. Those questions, and the findings of the jury thereon, are as follows:

"1. Did the goods in question arrive at the depot at Watertown on December 5th at 5½ o'clock P. M?" "Yes."

"2. Did they remain in the depot until about 20 minutes past 11 o'clock in the forenoon of the 8th day of December after their arrival?" "Yes."

"3. Were said goods burned by a fire which consumed the depot and its contents, which took or commenced about 20 minutes past 11 o'clock in the forenoon of December 8th?" "Yes."

"4. Did the plaintiff or his agent call at the depot or the office in Watertown for said goods, after their arrival on the 5th, and prior to the time that they were consumed?" "No."

"5. If you find the defendant guilty of negligence as a warehouseman, you are required to state in what the negligence consisted." "No."

"6. What was the value of the goods shipped?" "$189.80."

"7. If you find for the plaintiff, do you find the defendant liable as a common carrier or as warehouseman?" "As common carrier."

A motion in arrest of judgment was made on behalf of the defendant, on the ground that such special findings entitle the defendant to judgment. The plaintiff appealed from an order granting this motion.

The case was submitted on briefs.

*McMullen & Houts*, for appellant:

1. The motion in arrest of judgment is a common law mo-

tion, and is abrogated by the code. Secs. 16, 17, ch. 132, R. S. (Tay. Stats., 1498), are substantially the same as secs. 264, 265 of the New York code, and the courts of that state, in construing those sections, hold that the motion in arrest is abrogated by intendment. *Snell v. Snell*, 3 Abb. Pr., 426; *Duel v. Agan*, 1 Code R., 134. 2. If the motion in arrest is not abrogated, it can only be sustained for errors apparent upon the face of the record not amendable or aided at common law or by the statute. *Smith v. Smith*, 4 Wend., 468. And in this case there is no error upon the record. The general verdict for plaintiff settles all the questions put in issue by the pleadings and litigated upon the trial, in his favor, unless some fact specially found was inconsistent therewith. R. S., ch. 132, sec. 14 (Tay. Stats., 1497); *Smith v. Phelps*, 7 Wis., 211; *Goldsmith v. Bryant*, 26 id., 34; *Eldred v. Oconto Company*, 33 id., 133. And there is nothing in the special findings inconsistent with the general verdict for plaintiff. The question of reasonable time for the consignee to take the goods from the carrier's possession, after they are ready for delivery, is one of fact for the jury, under instructions. *Wood v. Milwaukee & St. Paul R'y Co.*, 27 Wis., 541; *Parker v. Same*, 30 Wis., 689.

*Melbert B. Cary*, for respondent:

A motion in arrest of judgment should be granted in any case by the court, whenever any objection or defect or inconsistency that is not amendable appears upon the face of the record. *Rowen v. Taylor*, Burnett, 74; *Wood v. Hustis*, 17 Wis., 416. Common law practice is still in force except so far as it has been expressly or by implication abrogated by statute or by rules of court. *Noxon v. Bentley*, 7 How. Pr., 316; *Wood v. Hustis, supra*. The inconsistency between the general and special verdicts is a substantial defect, apparent on the face of the record, not amendable, and is good cause for arresting judgment.

To warrant the jury in finding defendant liable as a common

JANUARY TERM, 1876. 453

Lemke vs. The Chicago, Milwaukee & St. Paul Railway Company.

carrier, they must find that after the goods had arrived at their destination, the consignee has not had a reasonable opportunity to take them away. *Wood v. Crocker*, 18 Wis., 345. The consignee in this case should have called for his goods on Monday, after having received the notice of shipment, or at least on Tuesday morning, at either of which times he would have found his goods ready to be delivered. He failed to use reasonable diligence. The consignee cannot be allowed to prolong the time during which the carrier shall remain liable as an insurer. *Hedges v. Hudson River R. R. Co.*, 49 N. Y., 223. And see as to question of reasonable time, *Burnell v. New York Central R. R. Co.*, 45 N. Y., 184. It is well settled that "the question of reasonable time or diligence, when there is no dispute as to the facts, or when the disputed facts are all settled, is purely a question of law." *Parker v. Railway Co.*, 30 Wis.; 689; *Witbeck v. Holland*, 45 N. Y., 13; *Hedges v. Hudson River R. R. Co.*, *supra; Roth v. R. R. Co.*, 34 N. Y., 553, and cases there cited.

LYON, J. If the special finding of facts is inconsistent with the general verdict for the plaintiff, the former must control such verdict, and the defendant is entitled to judgment. R. S., ch. 132, sec. 32. The county court held that the special finding is inconsistent with the general verdict, but did not give, and was not asked to give, judgment for the defendant. By arresting judgment, the court merely refused to give judgment for the plaintiff on the general verdict in his favor, and there stopped. If the court took the correct view of the special finding of facts, the defendant asked for and obtained only a portion of the relief to which it was entitled, and was entitled to all that it obtained. Hence, conceding for the purposes of the case, what counsel for the plaintiff claim, that, under the code, it is irregular to arrest judgment in a civil action (a proposition not here determined), it is apparent that the plaintiff was not injured by the practice adopted in this

case, if the court determined correctly the effect of the special finding.  Indeed, it would seem that he is benefited thereby to the extent of the defendant's costs, which, as a matter of course, he would be adjudged to pay were there a judgment for the defendant.

The controlling question in the case is, therefore, Do the facts found specially by the jury entitle the defendant to judgment?  If this question be answered in the affirmative, the order appealed from should not be disturbed; if in the negative, the order should be reversed.

The general verdict for the plaintiff rests entirely upon the hypothesis that the defendant held the plaintiff's goods as a common carrier, and not as a warehouseman, when such goods were burned.  The case is destitute of evidence showing, or tending to show, that the defendant was guilty of any negligence which caused or contributed to the destruction of the goods; and it is understood that the answer to the fifth question submitted to the jury negatives the existence of any such negligence.  So if the defendant held the goods, when the same were burned, as a warehouseman only, it is not liable for the loss of them.  *Wood v. Railway Co.*, 27 Wis., 541.

The special finding of facts shows conclusively that the goods arrived at their destination on Saturday, December 5th, at 5.30 P. M., and remained in the defendant's depot uncalled for until destroyed, and that the fire which destroyed them commenced on Tuesday, December 8th, at about 11.20 A. M. The goods were shipped to Watertown within a reasonable time after they were delivered to the defendant at Milwaukee to be so shipped; and, in the absence of proof to the contrary, the presumption is that they were ready for delivery to the plaintiff's consignee at any time after they were received at the depot.  This gave the latter all of Monday the 7th, and until nearly noon of the 8th of December, to take the goods from the depot.  If that was a reasonable time for that purpose, the liability of the defendant as a common carrier in

respect to the plaintiff's goods had ceased when the goods were burned. It is worthy of consideration, although not a controlling fact in the case, that the consignee was at the depot but a few hours before the goods arrived there, and knew that they might reasonably be expected on any future train, yet he failed to call for them again until after the fire on the 8th, having (as he testified) gone some miles into the country on his own or the plaintiff's business. Such absence cannot operate to increase the liability of the defendant, or to extend the time during which it held the goods as a common carrier. Within the rule laid down in *Wood v. Crocker*, 18 Wis., 345, we are of the opinion that the consignee had a reasonable time, after the arrival of the goods at Watertown and before they were destroyed, in which to remove them from the defendant's depot.

But it is argued by the learned counsel for the plaintiff, that the question of reasonable time is for the jury; and they cite cases decided by this court to sustain the position. The rule doubtless is, that whenever there is a conflict of testimony in respect to material facts bearing upon the question, or when the facts are doubtful or complicated and the court cannot satisfactorily determine their weight or importance, the question as to whether a reasonable time has or has not elapsed should be submitted to the jury, under proper instructions. But when, as in this case, the facts relating to the question are few and simple, and are conclusively established by a special finding or by the undisputed evidence, it is for the court to say whether a reasonable time has or has not elapsed for the performance of a given act.

We hold, therefore, that it appears conclusively by the record, that the plaintiff or his consignee had, before the loss of the goods, a reasonable time in which to take them from the depot, and that the defendant is not liable for such loss.

The order arresting judgment "in effect determines the action, and prevents a judgment from which an appeal might

be taken " (Tay. Stats., 1635, § 11); and if it also affected a substantial right of the plaintiff, he might appeal therefrom. But inasmuch as the order gives the defendant less than it is entitled to, and deprives the plaintiff of nothing to which he is entitled, it cannot justly be held to affect a substantial right of the plaintiff, or, in any manner, to involve the merits of the action. For these reasons, and following the practice established in *Noonan v. Orton*, 30 Wis., 609, and *Freeman v. Transportation Co.*, 36 id., 571, we must dismiss the appeal.

*By the Court.* — Appeal dismissed.