Backhaus, Appellant, vs. Chicago & Northwestern Railway Company, Respondent.

*February 2 — February 18, 1896.*

*Railroads: Carriers: Reasonable opportunity to remove goods: Destruction by fire.*

A railway company is not liable as a common carrier for goods destroyed by fire in its warehouse three days after actual notice of their arrival had been given to the consignee.

Appeal from a judgment of the superior court of Milwaukee county: J. C. Ludwig, Judge. *Affirmed.*

This action was brought to enforce an alleged liability of defendant, as a common carrier, for goods, belonging to plaintiff, destroyed by fire while in possession of defendant. The facts requisite to a proper understanding of the case are sufficiently stated in the opinion.

Backhaus vs. Chicago & Northwestern R. Co.

For the appellant there were briefs by *Turner, Bloodgood & Kemper*, attorneys, and *W. J. Turner*, of counsel, and oral argument by *W. J. Turner*.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*.

MARSHALL, J.  Plaintiff, for a considerable period of time prior to the happening of the loss hereinafter mentioned, carried on the business of a commission merchant in the city of Milwaukee, handling and selling hops. He was not the owner of a warehouse, and had been accustomed to have his goods transported to Milwaukee over defendant's line of railway, and to leave the property in its possession, at its warehouse, until sold or reshipped; and it had been the custom of defendant, upon receipt of any such property at Milwaukee over its line of road, to notify plaintiff by postal card, and of plaintiff to rely upon receiving such notice. For some weeks prior to the loss plaintiff had been absent from the city, traveling in Dakota, while his son, a young man, was left to attend to his business. The property arrived in Milwaukee on the 24th day of October, 1892, and was unloaded and placed in defendant's warehouse October 26th, where it remained till October 28th, when it was destroyed by accidental fire. On October 25th the son was personally notified of the arrival of the hops. On that day the defendant, in accordance with its uniform custom, caused a notice to be made out on a postal card for the purpose of notifying plaintiff, which it thereafter caused to be transmitted to him, at his Milwaukee address, through the mails. The jury found, specially, the facts in accordance with the foregoing statement, and also found in the affirmative in answer to the seventh question, which was as follows: "Was the plaintiff's son, on the 25th day of October, 1892, notified of the arrival of the two cars of hops at Milwaukee,

containing, respectively, seventy-five and seventy bales?"
Plaintiff moved to strike out the seventh question and an-
swer, also the ninth question and answer, which last need
not be particularly referred to, and for judgment, which
motion was denied. Defendant moved for judgment on the
special verdict, which motion was granted, and judgment
was entered accordingly, from which this appeal was taken.

The turning question here is, Did the liability of defend-
ant as a common carrier terminate before the fire? The law
in respect to the subject, generally, has been long settled in
this state. In *Wood v. Crocker*, 18 Wis. 345, the case of
*Moses v. B. & M. R. Co.* 32 N. H. 523, was approved, as cor-
rectly stating the true rule; and the decision then rendered,
though in conflict with some authorities on the subject, has
not since been departed from, though the matter has several
times been before the court. *Wood v. M. & St. P. R. Co.* 27
Wis. 541; *Parker v. M. & St. P. R. Co.* 30 Wis. 689; *Lemke
v. C., M. & St. P. R. Co.* 39 Wis. 455. In the early case it was
held that the liability of a railway company as a common
carrier for goods transported over its line continues until
the goods are ready to be delivered at the place of destina-
tion on the road and the owner or consignee has had a rea-
sonable opportunity to take them away; and, on the subject
of "reasonable opportunity to remove the goods," the court
held, in effect, that the words are not to be construed with
reference to any particular circumstances in the condition
of the owner or consignee of the property which may render
it necessary, for his own convenience or accommodation,
that he should have a longer time or better opportunity than
if he resided in the vicinity of the depot and was prepared
with the means and facilities for taking the goods away,
which doctrine has always since been adhered to. It fol-
lows that the owner or consignee of goods transported over
a railroad is himself held responsible to be vigilant in deter-
mining the time of their arrival, and to remove his property

Backhaus vs. Chicago & Northwestern R. Co.

as soon as practicable after the termination of the transit; that his own convenience or absence does not cut any figure in the matter.

It is contended by appellant that the circumstance of respondent's custom to notify, by mail, patrons of its road of the arrival of their goods at the place of destination, and of appellant to rely upon it, should be held to prevent the former from invoking the benefit of the established rule that notice is not necessary in order to terminate the liability of a common carrier; but the view we take of this case renders it unnecessary to decide that question. The jury found that actual notice was given to appellant's son on the 25th day of October, 1892; and the evidence clearly shows that the young man was his father's agent and the only person to whom notice would have come within a reasonable time if it had been seasonably sent by mail, as appellant claims it should have been. Hence, for the purposes of this case, notice was given to appellant, on the 25th day of October, of the arrival of the hops, which was three days before the fire. Three days, as a matter of law, constituted reasonable time to remove the property. *Lemke v. C., M. & St. P. R. Co.* 39 Wis. 455. Hence, before the loss complained of accrued, the liability of the respondent as a common carrier had terminated.

We conclude that the trial court properly overruled appellant's motion to strike out the seventh and ninth questions and for judgment, and properly gave judgment for respondent.

*By the Court.*— The judgment of the superior court is affirmed.