JANUARY TERM, 1879. 671

Ryan vs. The Springfield Fire & Marine Ins. Co.

RYAN VS. THE SPRINGFIELD FIRE & MARINE INSURANCE COMPANY.

INSURANCE AGAINST FIRE: FALSE REPRESENTATIONS: COURT AND JURY: VARIANCE: WAIVER. *(1) What false representations will avoid the policy. (2) Materiality of representation a question for the court. (3) When special controls general verdict. (4) Certain representations held material. (5) Immaterial variance. (6) Certain acts of insurer not a waiver of false representations.*

1. False and fraudulent representations of material facts *in præsenti*, upon which a policy of insurance against fire is obtained, though not in writing, nor construed as warranties, nor having reference to future conditions of the property, will avoid the policy.

2. Where all the facts are found or undisputed, the question of materiality in such representations is for the court.

3. Where there are both general and special verdicts, if they are inconsistent, the special findings must control. R. S. 1858, ch. 132, sec. 32; *Lemke v. Railway Co.*, 39 Wis., 449.

4. In an action upon a fire insurance policy, the jury found specially that at the time of the insurance the property was incumbered by mortgages to the amount of $4,551; that the insurance company, or its agent, did not know that the incumbrances amounted to more than $3,000, which was the amount represented by the applicant; and that the premises were not "steadily profitable at the time of procuring the insurance," though the assured represented them to be so. The jury also found generally for the plaintiff. *Held*, that the false representations were material, and the general verdict should be disregarded, and judgment rendered for the defendant.

5. The complaint alleged a written application made and signed by the assured, in which certain material false representations were made, and that these thereby became warranties. The jury found that the questions were asked and answered as stated in the written application, but that the assured did not sign it; and the evidence of that fact was admitted and submitted to the jury without objection, and the finding was not excepted to. *Held*, that the variance was immaterial, and the answer may be treated as amended according to the evidence and finding.

6. A demand by the insurer of additional proofs of loss, complied with by the assured by furnishing plans and specifications of the building destroyed, will not operate as a *waiver* of false representations in procuring the policy, if their falsity was unknown to the insurer at the time of such demand.

APPEAL from the Circuit Court for *Sheboygan* County.

Action upon a policy of insurance against fire. There was a special verdict, the essential parts of which are recited in the opinion. There was also a general verdict for the plaintiff. Successive motions by the defendant, for a new trial, and for judgment in its favor upon the special verdict, were denied; and judgment was rendered for the plaintiff, from which the defendant appealed.

For the appellant, there were separate briefs by *Nash & Schmitz*, his attorneys, and *Vilas & Bryant*, of counsel, and oral argument by *Wm. F. Vilas* and *L. J. Nash.*

For the respondent, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner.*

ORTON, J. This action is brought upon an insurance policy of the appellant company, by the respondent as the mortgagee of one Miles McMahon, the owner of the premises upon which the building insured and destroyed by fire was situated, and for whose benefit the insurance was obtained.

The answer alleges, substantially, that at the time the insurance was obtained, a written application was made and signed by McMahon, which became a part of the policy, and in which certain representations were made respecting the property insured, which thereby became warranties, and which were material to the risk, and false. The jury found upon the question of fact, that McMahon did not sign the application; but they also found that the questions were asked and answered "as stated in the written application." The evidence and question upon which this latter finding was made, were received and submitted without objection, and the finding itself is not excepted to; and therefore the variance, if any, between such evidence and finding and the allegations of the answer relating to the written application, is immaterial, and the answer in this respect may be treated as amended to conform to the proofs and finding. If the false representations complained

of must have been contained in the written application, signed by McMahon, the insured, and thereby be strict warranties, in order to constitute a defense to the action, then perhaps such a variance would be incurably material; but a defense founded upon false and fraudulent representations material to the risk may be equally available as if founded upon a breach of warranty.

Contracts of insurance may be avoided for false and fraudulent representations, or other fraud, by which they were induced, the same as other contracts; and such a defense requires no other elements or stronger evidence of fraud in cases of insurance than in any other.

Representations of existing facts in respect to the property insured may be false and fraudulent and material *in præsenti*, and avoid the policy of insurance, although not in writing, nor intended nor construed as warranties, and having no reference to future conditions of the property so as to be continuing representations or promissory warranties. Wood on Insurance, §§ 177, 178, 179; *Prieger et al. v. Exchange Mutual Ins. Co.*, 6 Wis., 89; *Keeler v. Niagara Fire Ins. Co.*, 16 Wis., 523; *Kimball v. Ætna Ins. Co.*, 9 Allen, 542.

Among the questions propounded to McMahon, and the answers thereto, were the following:

Q. " Is it [the property to be insured] incumbered by any mortgage or otherwise?" Ans. " Yes, it is." Q. " If so, for what amount?" Ans. " Three thousand dollars." Q. " Is the property incumbered in any way?" Ans. " Incumbered by mortgages." Q. " If so, state the nature of the same." Ans. " Yes, mortgaged to two parties for $3,000." Q. " Is such property steadily profitable?" Ans. " Yes."

The special findings of the jury upon these questions are as follows: 1. " Were there incumbrances on the premises affected by the insurance, at the time the insured, McMahon, procured the insurance sued for, to a greater amount than $3,000?" Ans. " Yes $4,551; the whole amount of mort-

gages." 2. "Did the defendant or its agents at that time know that such incumbrance by mortgages exceeded $3,000?" Ans. "No." 4. "Were such premises steadily profitable at the time of the procuring of such insurance?" Ans. "No." 26. "Do you find for the plaintiff or for the defendant in this action?" Ans. "We find in favor of the plaintiff."

Upon the findings, the defendant moved for judgment, which was denied, and judgment was rendered for the plaintiff for the amount of the insurance.

We think the above special findings are clearly inconsistent with the general finding for the plaintiff, and that the circuit court ought to have rendered judgment for the defendant upon its motion.

The special findings of fact so far control, that the general finding or verdict must be consistent with them. Sec. 32, ch. 132, R. S. 1858; *Lemke v. Milwaukee & St. Paul Railway Co.*, 39 Wis., 449. The jury were not asked to find, and did not find, whether the representations they so found to be false were material to the risk or not; and it is contended that the general verdict for the plaintiff should be held to have passed upon, and found in his favor, all other material issues not included in the special findings. This, as a general proposition, may be so, and it may be admitted that this general verdict should be treated as a finding upon the materiality of these false representations in favor of the plaintiff, or that such representations were not material; yet, the facts having been found by the jury, the question of their materiality becomes one of law, arising from such facts so specially found to be true; and the general verdict, even with this enlarged interpretation of its scope and effect, will not be conclusive if clearly against law, but would be inconsistent with the special findings, from which the very opposite legal conclusion ought to be drawn.

In all cases where the facts are specially found by the jury or are without dispute, the question of the materiality to the

risk of representations respecting the property made by the insured at the time of obtaining the insurance, is for the court; and in all of the reported cases we have consulted, it has been decided as a question of law, that false representation of incumbrance by mortgage upon the property insured is material to the risk. Wood on Insurance, §§ 158, 159, 160, 177, 195; *Curry v. Com. Ins. Co.*, 10 Pick., 535; *Hayward v. Mutual Ins. Co.*, 10 Cush., 444; *Patten v. M. & F. Ins. Co.*, 38 N. H., 338; *Columbia Ins. Co. v. Lawrence*, 10 Peters, 507. This court has repeatedly decided that such representations are material to the risk. *Hinman v. The Hartford Fire Ins. Co.*, 36 Wis., 159; *Fuller et al. v. The Madison Mutual Ins. Co.*, 36 Wis., 604. And in the latter case, the court, by the chief justice, uses the following language: "And to that end it is important, not only that the insurer should know the amount of incumbrance on property when insured, but should have notice of subsequent incumbrances." The intrinsic and essential meaning of "materiality to the risk", of representations by the insurer, in respect to the property to be insured, and the true test of such *materiality*, are, that such representations affect and influence the action of the insurer in taking or refusing the risk, or in the amount of premium to be paid. Chief Justice MARSHALL, in *Columbian Ins. Co. v. Lawrence*, 2 Peters, 47, defines this materiality so clearly, and in language so terse and yet so comprehensive, that it may well be adopted by the courts as the very best expression of it that can be made. "Generally speaking, insurances against fire are made in the confidence that the assured will use all precautions to avoid the calamity insured against, which would be suggested by his interest. The extent of this interest must always influence the underwriter in taking or rejecting the risk, or in estimating the premium. So far as it may influence him in these respects, it ought to be communicated to him. Underwriters do not rely so much upon the *principles* as on the *interest* of the assured; and it would seem,

therefore, to be *always material* that they should know how far this interest is engaged in guarding the property from loss." This language has been once before quoted approvingly by this court, in the opinion of Mr. Justice Lyon in *Hinman v. The Hartford Fire Ins. Co.*, *supra;* and the question as to the materiality of such representations should be at rest in this state; and the false representations here found by the jury, both as to mortgage incumbrances upon, and the profitableness of, the property insured, were material to the risk, relied upon by the company, and formed an inducement to the contract of the insurance, and avoid the policy.

As to the argument of the learned counsel of the respondent, that the company, through its agents, took such action in respect to the proofs and adjustment of the loss, after full knowledge of the falsity of these representations, as waived their materiality, it is sufficient to say that the jury found no such fact, and the following question was propounded to the jury, at the request of the respondent, obviously for the purpose of affecting this question of waiver, which was answered in the negative: " 24. At the time of the demand by the defendant of additional proofs of loss, and the furnishing of plans and specifications of the barn destroyed, had the defendant knowledge, by its agent or otherwise, of the additional incumbrances upon the two lots, exceeding $3,000?" Ans. " No."

Nothing further need be said to make it apparent that the circuit court erred in refusing judgment for the defendant, and rendering judgment for the plaintiff, upon the findings of the jury.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause is remanded with direction to enter judgment, upon the findings of the jury, for the defendant.

Taylor, J., took no part.