WATERBURY, Respondent, v. DAKOTA F. & M. INS. CO., Appellant.

**Insurance — Warranty — Statement of Agent.**

> In an action against an insurance company for a loss sustained by fire, it appeared, by an agreed statement of facts, that the assured warranted the statements in his application true so far as known and material to the risk; that in answer to the question, "Do all stove-pipes pass into good brick chimneys?" he answered, "One in iron pipe four inches from wood. Will build chimney in spring." That the company's agent in answer to a question to him in the application (and which was a part of the application) pronounced the stove-pipe perfectly safe and advised the risk; assured did not build the chimney in the spring and continued the use of the pipe thereafter when the fire occurred, being first discovered in the roof of the insured building. *Held*, the company was liable for the loss.

(Argued Feb. 11, 1889; affirmed Feb. 19; opinion filed Oct. 10, 1889.)

APPEAL from the district court, Davison county; Hon. BARTLETT TRIPP, Judge.

*Dillon & Preston*, for appellant.

The only question is, did the omission to build the chimney avoid the policy? By their contract the application is made a part of it. The effect of this is that what would otherwise be mere representations are converted into warranties. Cushman v. U. S. Ins. Co., 63 N. Y. 407. Warranties must be strictly and literally complied with. Barteau v. Phœnix Ins. Co., 67 N. Y. 595; Wood, Ins. 313; Byers v. Farmers' Ins. Co., 35 Ohio St. 606; Jeffries v. Life Ins. Co., 22 Wall. 47; Davenport v. New Eng. Ins. Co., 6 Cush. 340; Ripley v. Ætna Ins. Co., 30 N. Y. 136.

The statement of respondent, was a promissory warranty binding

on him, and its falsity, is as fatal as though it had been a statement of an existing fact. Ripley v. Ætna Ins. Co., *supra;* Houghton v. Ins. Co., 8 Metc. 114; National Bank v. Ballston Ins. Co., 50 N. Y. 45; Sheldon v. Hartford Ins. Co., 22 Conn. 235; Murdock v. Chenango Ins. Co., 2 N. Y. 210; Glendale Woolen Co. v. Ins. Co., 21 Conn. 19; Blumer v. Phœnix Ins. Co. (Wis.), 4 N. W. Rep. 674; Poor v. Humbolt Ins. Co., 125 Mass. 274; Schultz v. Mutual Ins. Co., 10 Ins. L. J. 171; C. C., §§ 1534, 1535, 1536; Wood, 317, 319, 340.

A warranty is in the nature of a condition precedent; if it is violated the policy is avoided. It makes no difference whether it was connected with the risk or not. Mead v. North-Western Ins. Co., 7 N. Y. 530; Murdock v. Chenango Ins. Co., *supra ;* Liverpool Ins. Co. v. Gunther, 116 U. S. 113.

*T. H. Null,* for respondent.

The application contains merely a statement of the expectation or belief of the applicant, and was not in response to any question, but volunteered. C. C., §§ 1508, 1536; Buel v. Conn. M. L. Ins. Co., 5 Law Ins. J. 274; Hough v. City F. Ins. Co., 29 Conn. 10 ; Protection Ins. Co. v. Harmer, 2 Ohio St. 452; Commonwealth v. Moninger, 18 Ind. 352; Lycoming v. Mitchell, 48 Pa. St. 367; Herrick v. Union Mut. Ins. Co., 48 Me. 558; New York v. Brooklyn Ins. Co., 4 Keyes, 465. It did not constitute a warranty as it was not material to the risk. Further, a statement in respect to future acts or omissions differs from an express warranty. C. C., §§ 1535, 1536. See, also, § 1499; Hough v. City Ins. Co., *supra ;* Columbia Ins. Co. v. Lawrence, 10 Peters, 507.

The words in the application " so far as the same are known to the applicant and material to the risk," eliminate from the contract the rule that the least misrepresentation, or breach of warranty, whether material or not, avoids the policy. Garcelon v. Hampden Ins. Co., 50 Me. 580 ; Ætna Ins. Co. v. Grube, 6 Minn. 82 ; First National Bank v. Hartford Ins. Co., 7 Ins. L. J. 208 ; Kerr v. Hastings Mut. Ins. Co., 41 Up. Can. Q. B. 217.

CROFOOT, J.    This action is brought to recover on a fire insur-

ance policy issued by the defendant upon plaintiff's dwelling-house and personal property.

The answer sets forth several defenses, but the only one relied upon, in the argument before this court, is an alleged breach of warranty on the part of plaintiff in not building a brick chimney upon the house in the spring of 1885, whereby the defendant seeks to avoid liability for the loss.

The case was submitted to the trial court upon an agreed statement of facts, which includes the fact that plaintiff never built a chimney, as set out in his answer to question No. 5 of the application; and also includes the application and policy.

The application for the insurance, signed by the applicant, contains the following question and answer: " *Question* 5. Do all stove-pipes pass into good brick chimneys? *Answer.* One in iron pipe, four inches from wood. Will build chimney in spring." The application also contains the following: " And the applicant hereby covenants and agrees to and with said company that the foregoing is a true and full statement of all facts in regard to the condition, value and risk of the property to be insured, so far as the same are known to the applicant and material to the risk." The record also shows the following as a portion of the application: " Questions to agents. *Question* 5. Did you carefully examine stove-pipes and chimneys? *Q.* 6. Do you regard them as perfectly safe? *Answer.* Yes. *Q.* 7. Do you fully recommend the risk? *A.* Yes."

The policy contains the following provision: " It is expressly agreed that the application of even number herewith, on file in the office of this company, shall be considered a part of this contract, and a warranty by the assured, and to which application reference is here made for a more particular description of said property insured; and any false representation by the assured of his interest in the property, the condition, situation or occupancy of the property, or omission to make known every fact material to the risk," etc., shall render the policy void.

The nature of the defense necessarily involves an interpretation of the contract of insurance, for the purpose of ascertaining whether the words, " will build chimney in spring," contained in

the application, amount to a warranty by the assured, or whether they are a mere representation.

A representation is a statement, collateral to the contract, of some fact having reference thereto, and upon the faith of which the contract is entered into. It precedes the contract, and, being only an inducement thereto, it need only be true as to matters material to the risk and that influence the insurer in taking or rejecting the risk, or in fixing the rate of premium therefor. The assured is not held to the strict or even literal truth of his representations. 1 Wood, Ins., § 192. "It is enough," says SUTHERLAND, J., in Insurance Co. v. Cotheal, 7 Wend. 82, "if a representation be made without fraud, and be not false in any material point, or if it be substantially, though not literally, fulfilled."

" An express warranty," according to the definition of Arnould, " is a stipulation in writing, on the face of the policy, on the literal truth or fulfillment of which the validity of the entire contract depends." When the policy refers to the application, and adopts it as a part of the insurance contract, the statements in the application, relative to the situation, use and character of the risk, have the same force and effect as if written on the face of the policy, and are to be considered warranties, unless from the language used it is evident that the parties did not intend them to operate as warranties, but as representations. From this it appears that the statements in the application are in the nature of warranties; indeed, they are so declared in the policy.

In the absence of statutory provisions to the contrary, the well-settled law of insurance is that a warranty is in the nature of a condition precedent, whereby the assured stipulates for the absolute truth of the statement made, or the strict compliance with some promised line of conduct, on penalty of his forfeiture of his rights to recover, entirely without regard to the question of materiality to the risk. Says Mr. May, in his work on Insurance : " One of the very objects of the warranty is to preclude all controversy about the materiality or immateriality of the statement. The only question is, has the warranty been kept ? There is no room for construction ; no latitude ; no equity." § 156. The harshness of this doctrine has been frequently recognized, but, as

it was held to be founded in the contract of the parties, the courts have adhered to it, and have felt themselves powerless to relieve against it, except in the interpretation of the contract itself. Having indemnity for its object, the contract is construed liberally to that end; and no rule is better settled, or more imperative and controlling, than that it is to be interpreted liberally in favor of the assured, so as not to defeat, without a plain necessity, the indemnity, which, in making the insurance, it was his object to secure. So where doubt exists as to whether a warranty or a representation is intended, and the language is susceptible of both interpretations, it will be held to be a representation so as to allow the assured to take advantage of its immateriality or its substantial truth. May, Ins., §§ 174, 175; 1 Wood, Ins., §§ 169, 185; Wilson v. Insurance Co., 4 R. I. 156; Insurance Co. v. Slaughter, 12 Wall. 404.

Although continuing to hold that the materiality of an absolute warranty could not be questioned, the courts recognize the right of the parties to qualify or limit the effect of the warranty by the terms of their contract, and that is exactly what the parties have done in this case, by the statement in the application "that the foregoing is a true and full statement of facts in regard to the condition, value and risk of the property, so far as the same are known to the applicant and material to the risk." In Redman v. Insurance Co., 47 Wis. 89, 1 N. W. Rep. 393, in construing a policy and application containing the same provisions as in this case, Lyon, J., in delivering the opinion of the court, says: "By the terms of the policy the application is made a part of it. The two instruments are, therefore, parts of the same contract, and must be construed together, as though all of the statements and stipulations contained in each were written in one instrument; hence the stipulation at the close of the application must be treated as if written in the policy. It is manifest that such stipulation is not qualified or changed by any thing in the policy. The condition therein that the application shall be considered a warranty by the assured means just such a warranty as is stipulated in the application; no more and no less." In Garcelon v. Insurance Co., 50 Me. 580, Chief Justice Appleton, in construing similar provisions in a policy and application, says: "If this is to be re-

garded as a warranty, it is one the limitations of which are clearly expressed in the application. It is not an absolute warranty that each answer is true, but only that the answers are a just and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property, so far as the same are known to the applicant and are material to the risk." See, also, Lindsey v. Insurance Co., 3 R. I. 157; Elliott v. Insurance Co., 13 Gray, 139; Prieger v. Insurance Co., 6 Wis. 88; and Insurance Co. v. Grube, 6 Minn. 82 (Gil. 32), — where similar provisions are held to constitute a warranty limited to matters known to the assured and material to the risk.

So far as the question of materiality is concerned, the parties have, by their contract, only limited the warranty in the manner that all warranties are now limited by the Code. The effect of sections 4160, 4162, 4163, Comp. Laws, is to incorporate into all warranties the element of materiality, unless the policy expressly declares that the violation of a specified provision shall avoid it. The purpose of these sections was to relax the rule requiring the strict performance of immaterial conditions in the contract. See Civil Code Cal., § 2611, annotated by Creed Haymond and John C. Burch of the California Code commission. Mr. Barber, in his Principles of Insurance, says: " The introduction into the law of insurance of the doctrine of immaterial warranties effects a radical change in the significance heretofore attached to the term ' warranty.' If the materiality of a warranty is left open to inquiry, the only substantial distinctions remaining between a warranty and a representation are that the former must constitute a part of the policy, and must be strictly fulfilled, while the latter precedes the issuing of the policy, does not form a part of it, and requires only a substantial fulfillment. So that a warranty, according to this section of the Code, except on points just mentioned, is identical with a representation."

In the absence of statute, where the warranty is qualified by the contract, as in this case, it is said to be reduced to the quality of a representation. See May, Ins., § 161, and also Insurance Co. v. Grube, *supra*, where it is said: " The warranty, therefore, of the statements contained in the application, is not an absolute warranty that they are as stated, but only that they are true so

far as the same are known to the applicant, and material to the risk, which qualifies the warranty, and gives it the same effect as a representation of the facts would have."

What, then, is the test of the materiality of a warranty? The test of the materiality of a representation or concealment is well settled both by the courts and by the provisions of our Code. Says Chief Justice SHAW in Daniels v. Insurance Co., 12 Cush-425: "And every such fact untruly asserted or wrongfully suppressed must be regarded as material, the knowledge or ignorance of which would naturally influence the judgment of the underwriter in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of premium." See, also, Comp. Laws, §§ 4123, 4139: "Materiality is to be determined, not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries."

It will be noticed that this test of materiality is found in article 5, tit. 11. pt. 4, Civil Code, which relates to concealment and representation, and is not directly referred to in article 7, which relates to warranties; and the question naturally arises as to whether such is also the test of the materiality of a warranty, in view of its modified character. Bearing in mind the inherent distinction which still exists between a representation and a warranty,— i. e., that a representation is collateral to the contract, precedes it, and is only matter of inducement, while a warranty is part of the contract itself — it would seem to follow that a warranty would be material, if its breach increased the risk or hazard, i. e., created a more dangerous class of risk than it otherwise would be; but since from the character of the insurance business the class or degree of the risk would in the very nature of things be determined and solely graduated by those matters which induce or influence the insurer in accepting a risk and fixing the premium, the test of the materiality of a warranty must be substantially the same as for representation. This seems to be the view taken by the courts in regard to the materiality of warranties qualified by contract, as in this case. In Elliott v. Insurance Co., supra, BIGELOW, J., in construing such a warranty, says: "These

stipulations were not only unnecessary, if the assured was to be held to the literal and exact truth of his answers, but are inconsistent with holding them strict warranties. The parties to the contract did not so regard them. It was only so far as they were material to the risk, or were misrepresentations or suppressions of material facts, that they were intended to affect the rights of the assured to recover on the policy. The plaintiff was, therefore, entitled to have the question whether the rags kept in the store at the time of the fire materially affected the risk passed upon by the jury."

Although not referred to by counsel upon the argument, we cannot overlook a class of cases that are often incorrectly cited as holding that, if representations are put into the form of answers to specific questions, the parties have settled for themselves that they shall be deemed material, and that the assured cannot show the immateriality of a fact which both parties have treated as material, and that the question and answer must be held by the court as tantamount to an agreement that the matter inquired about is material. See Wilson v. Insurance Co., 4 R. I. 141; Campbell v. Insurance Co., 98 Mass. 381; Miller v. Insurance Co., 31 Ia. 216; Anderson v. Fitzgerald, 4 H. L. Cas. 484; Price v. Insurance Co., 17 Minn. 497 (Gil. 473); Jeffries v. Insurance Co., 22 Wall. 47; Insurance Co. v. France, 91 U. S. 512; Conover v. Insurance Co., 3 Dill. 218.

An examination of these authorities discloses that they depend generally upon the fact that, by the form of the application and the policy, the assured stipulates for the absolute truth of all the answers to the questions in the application (which is declared to be the basis of the policy), and it is agreed that the policy shall be void if any of the answers are false.

In Jeffries v. Insurance Co., *supra*, HUNT, J., says: " The stipulation is not expressed to be made as to important or material statements only, or to those supposed to be material, but as to all statements." This clearly indicates the grounds upon which these decisions are placed.

It is true that in Miller v. Insurance Co., *supra*, language is used which would seem to indicate that in all cases the question and answer amount to an implied agreement that the matters in-

quired about are material, but since the case under consideration was one where the applicant had stipulated for the absolute truth of all answers in the application, and the authorities cited by the court were placed solely upon the ground that the parties had by their contract settled the question of materiality for themselves, we think it should be limited to such cases. Clearly this could not be the rule where the contract expressly includes the element of materiality, as in this case. That such a construction was placed upon this class of cases is evident from the reading of section 4163, Comp. Laws: "A policy may declare that a violation of specified provisions shall avoid it; otherwise the breach of an immaterial provision does not avoid the policy." The courts have universally held that where warranties were qualified, as in this case, the burden is upon the company to show the knowledge of the applicant, and the materiality of the facts, and the applicant is entitled to have these questions passed upon by the jury. See Garcelon v. Insurance Co., *supra;* Lindsey v. Insurance Co., *supra;* Elliott v. Insurance Co., *supra;* Redman v. Insurance Co., *supra.* This is also the settled law in relation to the materiality of a representation. Huguenin v. Rayley, 6 Taunt. 186; Insurance Co. v. Harmer, 2 Ohio St. 452. But "in all cases where the facts are specially found by the jury, or are without dispute, the question of the materiality to the risk of the representations made by the assured at the time of obtaining the insurance is for the court." Ryan v. Insurance Co., 46 Wis. 674, 1 N. W. Rep. 426.

What, then, are the facts found by the court? Briefly stated, they are, in effect, that the plaintiff applied for insurance, and, on being asked if all stove-pipes passed into good brick chimneys, replied: "One in iron pipe, 4 inches from wood; will build chimney in spring." That plaintiff warranted the statements in the application true, so far as known and material to the risk. That the company's agent, in answer to a question propounded directly to him, pronounced the stove-pipes and chimneys perfectly safe, and recommended the risk, and these statements were a part of the written application. That the policy was issued upon the application. That plaintiff never built the chimney, and that at the time of the alleged fire the kitchen stove was actively in use

for baking purposes, and the fire was first discovered in or near the roof of the house.   This is all.

Did plaintiff's failure to build a chimney increase the risk, so as to impose upon the company a different and greater hazard than that which, in issuing the policy, they assumed?   It did, if the statement, " will build chimney in spring," induced it to enter into the contract, or to take it at a lower premium, or if it would probably have had that effect.   The statement, " will build chimney in spring," is one which, from its very nature, is so closely connected with the character of the risk, and from the ordinary knowledge of mankind, one which would, if complied with, so manifestly tend to diminish the hazard, that the court, in the absence of other circumstances, would, without proof, feel compelled to say that it would probably and reasonably influence the insurer in forming his estimate of the disadvantages of the contract, and we should agree with the opinion of STRONG, J., in Murdock v. Insurance Co., 2 N. Y. 210.   But the question in this case is not whether such a statement, standing alone, would be material, but whether the statement, taken in connection with the attending circumstances, is material.

We cannot disregard the fact that before issuing the policy the defendant's agent, acting strictly within the scope of his authority, examined the stove-pipes and chimneys, pronounced them perfectly safe, and fully recommended the risk.   Without any proof as to the purpose for which such examination is usually made by an agent, or the influence which his report ordinarily has upon the company in accepting or rejecting the risk, or in fixing the rate of premium, this court cannot assume that the statement made by the plaintiff in his application, which was entirely voluntary and not in response to any direct question as to his intentions, had any influence whatever upon the defendant in estimating the disadvantages of the risk, or would ordinarily influence any insurer, under like circumstances.   If we suppose the underwriter to have been an individual, and he had satisfied himself, by a careful examination of the premises, that the chimneys were perfectly safe and the risk a good one, clearly such a statement by the assured, as to the future improvement of the chimneys, could have no effect upon him in estimating the disadvantages of the risk.

But even if the statement could, from its nature, be considered as material, it would seem that the company could not avoid the policy on that account, as it would be estopped from claiming that to be material which their agent has, in effect, declared to be immaterial.

It is too well settled to be now questioned that the company, or its agent acting within the scope of his authority, may waive any of the conditions of the policy, and if at the time of issuing the policy the company or such agent knows the falsity of a representation made by the applicant in procuring the insurance, the company is estopped from asserting its falsity in order to avoid liability. See Plumb v. Insurance Co., 18 N. Y. 392; Benedict v. Insurance Co., 31 id. 389; Rowley v. Insurance Co., 36 id. 550; Beal v. Insurance Co., 16 Wis. 241; Miner v. Insurance Co., 27 id. 693; Roberts v. Insurance Co., 41 id. 321; Devine v. Insurance Co., 32 id. 471; Winans v. Insurance Co., 38 id. 345; Frost v. Insurance Co., 5 Denio, 154; May v. Insurance Co., 25 Wis. 292; Insurance Co. v. Wilkinson, 13 Wall. 222; Protection Co. v. Schell, 29 Pa. St. 31; Roth v. Insurance Co., 6 McLean, 324; Insurance Co. v. McCulloch, 21 Ohio St. 176.

Reasoning from analogy, it would seem that the declaration of the agent that the chimneys were perfectly safe would operate as an estoppel to prevent the company from denying the truth of that statement.

Finding no error in the conclusions of law reached by the court below, the case is affirmed.