### ORIENT INS. CO. v. LEONARD.

#### (Circuit Court of Appeals, Seventh Circuit. October 7, 1902.)

#### No. 874.

1. FORMER APPEAL—DECISION—LAW OF THE CASE.

Where, on a prior appeal to the Circuit Court of Appeals, it was held that a loss by fire ensuing and connected with an explosion outside plaintiff's building, by which a hole was made in the wall of the building, through which the fire entered and destroyed the property insured, was within the provisions of the policy, such decision was the law of the case, and a motion to direct a verdict for defendant on a subsequent trial, after plaintiff's introduction of evidence to prove such facts, was properly denied.

2. INSURANCE POLICY—CAUSE OF LOSS—EVIDENCE—INSTRUCTIONS.

Where, in an action on a policy excluding losses resulting from explosion unless fire ensued, and from the falling of the building, defendant claimed that the falling of the wall of the building was due to defects or overloading, while plaintiff claimed that it was the result of an explosion in a neighboring building, and was immediately followed by fire, and the evidence on such theories was sharply conflicting, an instruction that if the building, or some part thereof, fell by reason of some con-

cussion occurring from without, or from fire outside or inside the building, and plaintiff had proved his contentions that, through such explosion or fire, fire was communicated to plaintiff's building, and his stock was destroyed, plaintiff was entitled to recover, but that, if the building fell by reason of its own defects or by overloading, or both, plaintiff could not recover for the fire loss, sufficiently presented the issues of both parties to the jury.

**8. SAME—EVIDENCE.**

Where, in an action on a policy, plaintiff contended that the fire was occasioned by an explosion of mill dust in an adjoining mill, evidence as to the condition of the mill at and before the alleged explosion, the amount of mill dust collected, and the omission of known appliances to prevent the escape of such dust, was admissible.

**4. SAME—EXPERT EVIDENCE—COMPARISONS.**

Where, in an action on a policy, it was claimed that fire was occasioned by an explosion of mill dust, and experts testified as to the explosiveness of such dust, such experts were entitled to testify to a comparison of the explosiveness of mill dust with gunpowder, and their experiences regarding the same, though they were unable to give dates of such experiences.

**5. SAME—HYPOTHETICAL QUESTIONS.**

A hypothetical question asked an expert witness is not objectionable on the ground that the facts included therein were not conceded to be true, or established by the evidence.

**6. SAME—DAMAGES—INSTRUCTIONS.**

Where, in an action on a policy exempting insurer from loss by the falling of a building, or from loss caused by explosion unless fire ensued, a part of the property insured was damaged by the falling of the building, an instruction that, if the property was destroyed or damaged by fire to an amount exceeding all the insurance plaintiff had thereon at the time of the loss, plaintiff was entitled to recover from defendant the face of the policy, with interest, was not objectionable as relieving the jury from determining whether the damage by fire exceeded the whole amount of the insurance.

**7. SAME.**

Where a part of the property insured was damaged by the falling of the building, for which the insurer was not liable, but the loss by fire within the policy materially exceeded the entire insurance on the property, the failure of the court to charge that, if the jury found the damage by fire to be less than the total insurance, their verdict should be for such proportion of the loss by fire alone as defendant's policy bore to the total insurance, was without prejudice.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

From a judgment in favor of Mr. Leonard for the full amount of a fire insurance policy issued to him by the Orient Company, entered as the result of a second trial, this writ is prosecuted.

Mr. Leonard, as lessee, occupied a six-story brick warehouse on Lake street, in Chicago. In it he had a stock of seeds, the insured property. Next west of the warehouse was a frame blacksmith shop, 20 feet wide. Next was the New England Mill, the front of which on Lake street was a two-story frame, joined to a four-story brick structure in the rear.

The policy provided indemnity for "all direct loss or damage by fire," except (so far as concerns this case) in two instances: (1) "The company shall not be liable for loss caused directly or indirectly by invasion, * . * * or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind." (2) "If a building, or any part thereof, fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

¶ 4. See Evidence, vol. 20, Cent. Dig. §§ 2371, 2373.

Mr. Leonard's theory was that an explosion of mill dust in the frame part of the New England Mill broke down the front part of the west wall of his building, and that a fire, immediately ensuing upon and connected with the explosion, entered through the opening, and consumed his property. At the first trial he introduced evidence sufficient to go to the jury if his theory was good in law. But the court directed a verdict for the company on the ground that when the wall fell not by fire, but by explosion, the insurance was at an end. That ruling was held to be error. Leonard v. Orient Ins. Co., 48 C. C. A. 369, 109 Fed. 286, 54 L. R. A. 706.

On the present writ the company assigns that the court erred in refusing to take the case from the jury, in giving and refusing instructions, and in admitting evidence.

Other facts are stated in the opinion.

D. J. Schuyler, for plaintiff in error.

Myron H. Beach, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge, having made this statement, delivered the opinion of the court.

A consideration of what was decided on the former writ will greatly simplify the solution of the principal questions now presented. Mr. Leonard's own case showed that an explosion, and not a fire, caused the fall. It was, therefore, necessary to decide whether, when the ensuing fire reached Mr. Leonard's property, the insurance had not already ceased by virtue of the second condition quoted in the statement. In determining this, the court had regard, also, for the first condition, namely, that the company would not be liable for loss caused directly or indirectly by explosions of any kind, and for the exception to that condition, namely, that the company would be liable for damage by fire ensuing upon an explosion. The court found that the wording of the second condition was "unqualified and universal, admitting of neither interpretation nor construction," but that an application of it to the case in hand would utterly destroy the liability "carefully and precisely defined" in the exception to the first condition. The court thought such a result was not intended, and therefore held the second condition inapplicable. "In this way," the court concluded, "the two clauses may well stand together, neither interfering with the legitimate office of the other."

Now, when Mr. Leonard, on the second trial, again produced evidence that an explosion in the neighboring mill made a hole in the wall, through which the fire ensuing upon and connected with the explosion entered, and destroyed his stock, the court was not at liberty to follow its own or counsel's view of the law in ruling on the company's motion for a directed verdict in its favor. The law of the case, determined by the former decision, required the denial of the motion, and the submission of the evidence to the jury. And, since its motion for a new trial was overruled, it is futile for the company to undertake to demonstrate on this writ that the preponderance of the evidence proved that the wall fell by reason of inherent defects of construction, or overloading, or both.

The material and sharply marked conflict in the evidence occured with respect to the cause of the wall's tumbling, for on this depended

the applicability of the "falling clause" of the policy. After stating the respective contentions of the parties, the court continued his charge as follows:

"If you find from the evidence that the plaintiff has established his case by a preponderance of all the evidence, that plaintiff's building or some part thereof fell by reason of some concussion occurring outside his building (for I recall no evidence tending to show an explosion or concussion inside said building), or from fire either outside or inside said building, and that plaintiff has otherwise so proved his contentions, and that, through such explosion or fire, fire in plaintiff's building ensued or was communicated thereto from without, and his said stock was destroyed or damaged, then plaintiff is entitled to recover herein for such loss as hereinafter stated. If, however, you find that plaintiff's building, or some material part thereof, fell by reason of its own defects, or overloading, or both, plaintiff cannot recover for ensuing fire loss, under the terms of the policy sued on."

Under the former decision this charge correctly construed the policy, and applied its terms to the conflicting evidence. It is needless to set out the company's various requests for instructions in regard to the conditions in the policy; for, so far as they ran counter to the former decision, they were properly refused, and those that were correct merely duplicated the charge given. The company is very earnest in its insistence that, on account of the great volume and high character of the testimony in support of its theory that the wall fell from defects or overloading, the court should have elaborated and dwelt more largely upon the meaning of the "falling clause," and its bearing upon the evidence. The company's defense was not a confession and avoidance of Mr. Leonard's case; it was simply a denial that the wall fell as the result of the explosion claimed by the plaintiff. And, no matter how vehement and strongly supported the denial, the court was not required to do more than place the conditions of liability before the jury clearly and directly once. Repetitions of the same idea in varying phraseology would only tend to confuse the jury, leading them possibly to believe that distinctions were intended which they failed to grasp, where none existed.

Witnesses were permitted, over the company's objection, to testify in regard to the condition of the mill at and before the alleged explosion, the amount of mill dust collected, the omission of known appliances to prevent the escape of mill dust, etc. All this was material within the approved definition that "a fact is material which renders probable the existence or nonexistence of a fact in issue."

The explosiveness of mill dust was explained by experts, and some experiences were stated. Objections to a comparison with gunpowder and to a failure to give dates of experiences are manifestly untenable.

Hypothetical questions were objected to on the ground that facts were included which were not conceded to be true, nor established by the evidence. A hypothetical question may call for an opinion based on facts assumed. If the facts are not eventually proven, the weight of the answer is destroyed, but error cannot successfully be predicated on the court's permitting the question to be put.

Finally, an instruction in regard to the amount of recovery is

criticised. The court told the jury that if they found "that the property of the plaintiff, described in the policy of insurance, contained in plaintiff's said building, was destroyed or damaged by fire to an amount exceeding all the insurance plaintiff had upon it at the time of the loss, if any, then plaintiff is entitled to recover herein from the defendant the sum of five thousand dollars (the face of the policy), with interest at the rate of five per cent. per annum from February 1, 1900." This instruction did not relieve the jury from determining for themselves whether the damage by fire exceeded the whole amount of insurance. It expressly submitted that question to them. Under the evidence the only possible source of damage other than fire was the fall of part of the building. The only legitimate inference from the instruction was that, if the jury found the damage by fire to be less than the total insurance, their verdict should be for such proportion of the loss by fire as the company's policy bore to the total insurance. Probably it would have been better if the court had made an explicit statement of this to the jury. But any possible error in failing to do so was rendered harmless by the state of the evidence. We do not find in the record any evidence on the part of the company in reference to the amount of loss by fire and the amount resulting from the partial fall of the building. The total insurance was $76,500. The value of the insured stock was $130,000. From the evidence on behalf of Mr. Leonard the utmost the jury would have been justified in finding was that one-fourth of the stock was disturbed by the fall, and that this portion was damaged to half its value. The loss thus shown to be attributable to the explosion might be trebled, and the fire loss would still materially exceed the whole insurance.

The judgment is affirmed.