**NORTHWESTERN NAT. INS. CO. v. MIMS.**
**(No. 1145.)**

(Court of Civil Appeals of Texas. El Paso. Dec. 9, 1920.)

1. **Insurance ☞421—Insurer liable for damage by fire caused by explosion notwithstanding clause terminating policy on fall of building.**

Where fall of building was caused by an explosion upon which fire immediately ensued, the insurer was liable for the damage inflicted by the fire under provision of policy making insurer liable for damage caused by fire on an explosion, notwithstanding other provision providing for termination of the policy on the building or any part thereof falling, except as the result of fire, since the two clauses must be construed together.

2. **Insurance ☞421 — Insurer held not liable for damage from explosion in adjoining building caused by antecedent fire therein.**

Under fire policy providing that insurer should not be liable directly or indirectly for damages caused by explosion, unless fire ensued, and in such case for fire damage only, insurer was not liable for explosion damages as distinguished from damages from fire following the explosion damage, where both resulted from an explosion in an adjoining building, which wrecked insured's building, which thereupon took fire; it being immaterial that the explosion in the adjoining building was caused by antecedent fire therein.

3. **Insurance ☞646(6)—Plaintiff must prove loss not within excepted clause of policy.**

In action on fire policy following destruction of insured's house by explosion in adjoining building and ensuing fire, plaintiff was required to plead and prove that her loss did not fall within an excepted explosion clause in policy providing that insurer should not be liable for damage caused by an explosion.

4. **Insurance ☞421—Insurer liable for damage from explosion in adjoining building caused by fire originating in insured building.**

If fire originated in insured building and spread to and caused explosion in adjoining building, insurer would have been liable for damage to insured building resulting from such explosion, notwithstanding clause in policy providing against liability for damage caused by explosion.

5. **Insurance ☞668(13)—Verdict should have been directed for insurer in absence of evidence as to amount of damages.**

Where damage to insured building was caused partly by an explosion and partly by fire, and where policy provided against liability for damage by explosion, verdict should have been directed for insurer in action on policy in which there was no evidence on which jury could base a finding as to amount of damage caused by the fire.

Error from District Court, Midland County; Chas. Gibbs, Judge.

Action by Mrs. Ida B. Mims against the Northwestern National Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Garrard & Baker, of Midland, for defendant in error.

HIGGINS, J. The plaintiff in error on July 2, 1917, issued to the defendant in error, Mrs. Mims, an insurance policy whereby, for a term of one year, it insured a one-story

brick building in Midland, Tex., "against all direct loss or damage by fire except as hereinafter provided, to an amount not exceeding $2,500." The policy provided:

"This company shall not be liable for loss caused directly or indirectly by invasion * * * or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind. * * *

"If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

This suit was brought upon the policy by Mrs. Mims, it being alleged that the insured building had been completely destroyed by fire on May 28, 1918. A verdict was returned and judgment rendered in her favor for the face of the policy with interest.

The undisputed evidence shows that about midnight on May 28, 1918, a terrific explosion occurred in the Westmoreland Building immediately adjacent to and adjoining the Mims Building. The explosive substance was vaporized gasoline. The only person present at the time of the explosion was Tom Carr, an employee of the pool room which was conducted in the Westmoreland Building. His dead body was found upon the ground about four feet from the back door of the Westmoreland Building. This explosion completely demolished the Westmoreland Building. The parties who first arrived upon the scene found the ruins of the Westmoreland Building enveloped in flames. These parties also found the Mims Building almost completely demolished by the force of the explosion and also on fire. The testimony shows that three of its walls were practically demolished and the fourth one in a badly damaged condition. The roof was practically intact, but had fallen. When these parties arrived the flames had not progressed greatly in the Mims Building. It seems that the flames then were merely around the edge of the roof on the north side and were later extinguished, but not until some damage had been inflicted thereby.

In substance the court charged that the defendant was not liable if the loss resulted from an explosion, but was liable if fire broke out in the building, or an adjoining building, or was set to said building, which caused an explosion and wrecked the building, and instructed the jury to find for plaintiff if it found that fire broke out in or was set to the building or an adjoining building, and as a direct result of said fire an explosion occurred which wrecked the Mims Building, and as a direct result of the fire and explosion the plaintiff's building was destroyed, and to find for defendant if an explosion occurred in or near the Mims Building which directly wrecked and destroyed it.

Under its first assignment the plaintiff in error complains of the refusal of a peremptory instruction to find in its favor and pre-sents for determination the effect of the explosion and falling building clauses in the policy as applied to the facts. The effect of these clauses is also presented under other assignments.

It is very generally held that insurance against loss by fire includes all loss from explosions which are the direct result of an antecedent fire upon the insured premises. This principle has been recognized in a case before this court wherein the owner of the Westmoreland Building sought and obtained a recovery upon a policy issued to him covering the building wherein this same explosion and fire was in question. It was held to be an issue of fact under the evidence whether the fire preceded and caused the explosion, or was subsequent to and caused by the explosion, but the case was reversed on account of the failure to give a correct charge upon the burden of proof. Ins. Co. v. Westmoreland, 215 S. W. 471.

[1] In Ins. Co. v. Thompson, 220 S. W. 796, a recovery was had by the owner of personal property in the Westmoreland Building and the judgment was sustained by this court. Considering first the effect of the falling building clause, we are of the opinion that it presents no defense to any loss sustained by Mrs. Mims to the building caused by the fire ensuing therein after the explosion.

Had the building fallen as the result of a cause independent of an explosion, the insurance would have immediately ceased, and the insurer would not have been liable for loss resulting from an ensuing fire. Ins. Co. v. Tomkies, 30 Tex. Civ. App. 404, 71 S. W. 812, affirmed in 96 Tex. 193, 71 S. W. 812, 814. But the falling building clause is immediately preceded by the explosion clause which governs in case of an explosion. The two clauses must be considered together. The parties to the contract have carefully and specifically defined the liability of the insurer in case of an explosion and ensuing fire, and the liability thus fixed should not be defeated by a strict and literal application of the falling clause. This question has been considered by other courts in suits upon policies containing the same or similar provisions as here presented, and it has been uniformly held that, where an explosion occurs, causing the building to fall, and fire ensues which inflicts damage, liability for the loss caused by the fire attaches under the explosion clause and is not defeated by the falling clause. The leading case upon this subject is Dows v. Ins. Co., 127 Mass. 346, 34 Am. Rep. 384, wherein Dows sought to recover upon a policy containing provisions substantially the same as here presented. The policy covered a stock of goods. The building in which the goods were situated was wrecked by an explosion produced by the sudden combustion of inflammable gas. Fire ensued and destroyed the plaintiff's goods. The contention was made by the insurer that the falling

building clause terminated the insurance immediately upon the fall, and that it was not liable for the damage inflicted by the ensuing fire. This contention was ruled against the insurer upon the reasoning above indicated.

The decision was followed by the Supreme Court of Michigan in Davis & Co. v. Ins. Co., 115 Mich. 382, 73 N. W. 393, by the Supreme Court of California in Rossini v. Ins. Co., 188 Pac. 564, and by the United States Circuit Court of Appeals in Leonard v. Ins. Co., 109 Fed. 286, 48 C. C. A. 369, 54 L. R. A. 706. The policies in the Davis, Rossini, and Leonard Cases contained the same provisions as the policy issued, to Mrs. Mims. The Leonard Case later was before the Circuit Court of Appeals in appeals from judgments rendered against the insurers in accordance with the ruling made upon the first appeal. The judgments against the insurers were affirmed (Orient Ins. Co. v. Leonard, 120 Fed. 808, 57 C. C. A. 176, and Phenix Ins. Co. v. Leonard, 121 Fed. 1021, 57 C. C. A. 680), and writs of certiorari denied by the Supreme Court (187 U. S. 645, 23 Sup. Ct. 845, 47 L. Ed. 347). These decisions we regard as correct, and since the fall was caused by an explosion, upon which fire immediately ensued, the insurer was liable for the damage inflicted by the fire. See, also, 14 R. C. L. 1100; note 32 L. R. A. (N. S.) 607.

[2] The question now recurs as to the liability of the plaintiff in error for the loss sustained by the explosion. The explosion wrecked the Mims Building and inflicted the major part of the damage; the loss and damage resulting from the ensuing fire not being great. This necessitates a consideration of the effect of the explosion clause where the explosion occurs in and is caused by an antecedent fire in a building other than the insured premises.

In Hustace v. Ins. Co., 175 N. Y. 292, 67 N. E. 592, 62 L. R. A. 651, the policy contained the same provisions as does the Mims contract. In that case the Tarrant Building in the city of New York caught fire, and shortly thereafter a terrific explosion occurred in the building caused by the fire therein. The plaintiff's building, a short distance away, was wrecked by the force of the explosion and became a total loss. After the fall of plaintiff's building the débris caught fire and burned, but the plaintiff made no claim to recover for such burning, and the question was presented as to the liability of the insurer for the loss resulting from the explosion. The plaintiff insisted that the wreck of his building was direct loss or damage by fire within the meaning of the policy, and that the situation called for precisely the same disposition as if the question was presented in an action upon a policy covering the Tarrant Building, where fire raged for about 30 minutes before the explosion. This apparently was the first case in which

the court had occasion to consider the effect of the explosion exemption clause which had been inserted in the contract in accordance with the legislative provisions of the state of New York. The court reviewed a number of decisions of that state and other states and held that the contract insured the "plaintiff against all direct loss or damage by fire and relieves the insurer from liability for all loss caused directly or indirectly by explosions of any kind, and necessarily, therefore, from a loss by concussion caused by an explosion in a neighboring building, whether the explosion be brought about by a lighted match, a fire or other cause," and denied a recovery. One of the justices dissented, but filed no opinion.

In the latter case of Wheeler v. Ins. Co., 203 N. Y. 283, 96 N. E. 452, 38 L. R. A. (N. S.) 474, Ann. Cas. 1913A, 1297, the insurer sought to apply the ruling in the Hustace Case in bar of a recovery for loss sustained through an explosion occurring in the insured building, which explosion was caused by an antecedent fire in the same building. The court, however, rejected the contention, and held that the plaintiff could recover, holding that, where a negligent or hostile fire exists within the insured premises, and an explosion results therefrom under such circumstances as to constitute the fire the proximate cause of the loss, and the explosion merely incidental, the insurer is liable upon its policy for the resulting loss. The Hustace Case was held to be not in conflict with that view, it being pointed out that the ruling in the Hustace Case was based upon the view that the explosion damage was not a "direct loss or damage by fire" within the meaning of the policy, the fire in the neighboring Tarrant Building being only a remote and indirect cause of the concussion which caused the Hustace Building to fall.

In the case of Insurance Co. v. Roost, 55 Ohio St. 581, 45 N. E. 1097, 36 L. R. A. 236, 60 Am. St. Rep. 711, an action was brought upon a fire insurance policy with lightning clause attached, covering a house and furniture therein, it being alleged that the house and furniture had been destroyed by lightning. The lightning clause provided that the policy insured against any loss or damage caused by lightning. Section 2 of the policy provided that the insurance did "not apply to or cover any loss caused by explosion, unless fire ensues, and then the loss or damage by fire only." Sixty-one feet distant from the insured building was a powder house. Lightning struck the powder house, causing an explosion therein which destroyed the plaintiff's property. The lower court held that the damage was not caused by the explosion as contemplated by the exception contained in section 2 of the policy, but that the loss was caused by an explosion occasioned by lightning and was included in the risk and gave judgment for the plaintiff.

The Supreme Court held that in view of the explosion clause in the contract the loss by explosion was not within the contemplation of the parties at the time of the making of the contract, and could not have been understood to have been embraced within the protection of the policy. The court conceded that cases might be found the reasoning of which, if applied, would make the company liable for the loss if its liability was measured wholly by the lightning clause, but said that after an examination of many cases none had been found holding liability to attach where there was a provision excluding liability for loss by explosion and the loss was caused by fire or by lightning taking effect and the damage wrought to the insured property being by an explosion produced by the fire or lightning without either of the latter agencies coming in contact with the insured property.

In Hall v. Ins. Co., 115 Tenn. 513, 92 S. W. 402, 112 Am. St. Rep. 870, 5 Ann. Cas. 777, the plaintiff's stock of goods was covered by a fire insurance policy with an explosion clause, the same as now before this court. A· fire broke out in a neighboring building which caused an explosion in the building where the fire was raging. The force of the explosion greatly damaged the plaintiff's goods, and recovery was sought upon the policy. The court, after reviewing the authorities, held that, where a fire occurs on property insured, and an explosion takes place therein during the progress of the fire, and the explosion is a mere incident to the preceding fire, the fire is the efficient cause of the whole· loss, and the insurer is liable, though the policy in terms excludes liability for loss by explosion, but that, where a fire policy excepted the insurer from liability for loss by explosion of any kind unless fire ensues, and in that event for the damage by fire only, the insurer is not liable for damage inflicted solely by an explosion in an adjoining building caused by a fire therein, no fire having occurred in the insured building; such damage by explosion being within the excepting explosion clause of the policy.

In Miller v. Ins. Co., 41 Ill. App. 395, the policy was against fire upon a building and contained an explosion clause in the same language as the Mims policy. Fire occurred in an adjacent mill, causing an explosion in the mill, completely wrecking the Miller Building. Subsequently the Miller Building took fire from the mill. The damage done by the fire after the explosion amounted to $230, for which amount judgment was obtained, and the plaintiff appealed, contending that she was also entitled to recover the amount of damage done to the house by the explosion. It was insisted that, the explosion having been caused by fire, the destruction of the house by the explosion was a fire damage. The court held that the fire was the remote cause and the explosion the prox- imate cause, and the damage resulting from the explosion thus embraced within the explosion exception.

In Caballero v. Ins. Co., 15 La. Ann. 217, the policy insured against loss or damage to a building by fire in Brownsville, Tex. Fire broke out in a building about 180 feet distant which contained gunpowder and which exploded as a result of the fire. The explosion damaged the insured building, but· the fire did not reach the same; it being entirely unharmed except from the concussion of the explosion. The court said that it was well settled that, where a fire occurs upon the insured premises by which an explosion of gunpowder takes place, the insurer is responsible on the ground that the loss is a direct consequence of the combustion. The court conceded apparently that, if the question involved was merely one of proximate or remote cause, the fire in the adjacent building would be considered the proximate cause, for the reason that the first efficient cause of the loss is the proximate cause, however many other agencies may have intervened, for there would have been no explosion except for the preceding fire. The court announced its final conclusion as follows:

"Perhaps after all, it might be safe here, as in other contracts, to inquire whether the loss was within the reasonable intendment of the parties when they made the contract. Did they intend, by an insurance against fire, to cover losses arising from the concussion of the air produced by the explosion of gunpowder on the premises of other persons than the insured?

"We think such an extraordinary result could not have been contemplated by the parties. We do not think insurance companies can be considered responsible for the consequences of the combustion of gunpowder, unless that combustion has happened in the premises insured, or the gunpowder is itself, with other merchandise, covered by the policy."

In this case one of the justices dissented, holding that the fire was the proximate cause of the loss, and the explosion merely incidental; that the fire in the neighboring building was a peril insured against in the sense of the policy, and, since the policy contained no stipulation that the fire should be upon the premises of the assured as a condition precedent to the liability of the underwriter for the loss, such underwriters were liable.

Insurance Co. v. Adams (Ky.) 127· S. W. 1008, was a suit upon a fire insurance policy. Fire originated in an adjoining building causing an explosion of gunpowder in an adjoining building which damaged the insured building. The building was also damaged by the fire in the adjoining building. The Kentucky Court of Appeals approved an instruction by the lower court that only the loss or damage occasioned by fire could be recovered, · and that the defendant was not liable for

any loss or damage occasioned by the explosion. It was merely held that these instructions were proper without any review of the authorities.

In Clement on Fire Insurance, p. 123, it is said:

"Damages caused by a concussion of air resulting from an explosion in another building is not covered, even though such explosion was caused by fire, but the company may be liable for the damage by fire when fire ensues."

In Joyce on Insurance it is said:

"If the company excepts a loss by explosion it is not liable for any loss or damage which the insured premises may sustain, which is the mere result of the concussion of an explosion upon other premises than those insured." Volume 3, § 2587.

In Wood on Fire Insurance, § 104, it is declared to be the rule that:

"If the injury is entirely due to concussion, the fact that the concussion was caused by fire does not make the fire the proximate cause of the loss; it is but the cause of the cause, the causa remota, and not the causa proxima."

After a diligent search we have been unable to find any case wherein it was held that such an explosion loss was within the risk assumed under a fire policy containing an explosion clause. The cases to which we have referred show the difficulty which the courts of other states have had in disposing of the question. Some of the cases proceed upon the view that the explosion was the efficient cause of the loss, and therefore the proximate cause, the fire being the remote cause.

We think the reasoning of the Louisiana court the sounder one. Insurance against explosion loss is a distinct branch of the insurance business. Explosions not infrequently occur, caused by antecedent fires, which damage buildings for miles around. In such a case, could the holder of a fire insurance policy with an explosion clause therein, as here presented, covering a building situate several miles distant from the explosion, recover for the damage to his building caused by the concussion of the distant explosion? We think not. Such a loss falls within the scope of explosion insurance rather than fire insurance. And if the insurer against fire is not liable for the damage wrought by a far distant explosion caused by an antecedent fire, neither would he be liable where the explosion occurs in an adjoining building, for the degree of proximity of the explosion is immaterial in construing the terms of the contract and measuring the liability assumed by the insurer. Construing the Mims policy as a whole, and giving to the explosion clause a fair and reasonable interpretation, we think such clause excepted from the risk assumed any liability for damage wrought by an explosion in the Westmoreland Building caused by antecedent fire in such building.

[3, 4] Under the rule in this state the burden rested upon the plaintiff to plead and prove that her loss did not fall within the excepted explosion clause. Ins. Co. v. Co-op. Ass'n, 77 Tex. 225, 13 S. W. 980; Ins. Co. v. Harris, 212 S. W. 933, by the Commission of Appeals in an opinion expressly approved by the Supreme Court. The evidence shows beyond any doubt that the explosion occurred in the Westmoreland Building. It may be conceded that there is sufficient evidence of a circumstantial nature to support a finding that the explosion was the result of an antecedent fire rather than a sudden ignition. Had the plaintiff shown that the fire originated in her building which caused the explosion of the vaporized gasoline in the Westmoreland Building, she would have discharged the burden of proof resting upon her and would have been entitled to recover, for in such a case the explosion is regarded as a mere incident of the fire and the fire as the efficient cause of the loss. But there is no fact or circumstance tending to show that the fire originated in the Mims Building. On the contrary, all the facts and circumstances tend to show that the fire originated in the Westmoreland Building and was communicated to the Mims Building by the explosion. This is the only conclusion to be deducted from the testimony of those who first arrived upon the scene after the explosion.

[5] Upon the views expressed it follows that plaintiff in error was liable only for the damage to the building inflicted by the fire ensuing therein upon the explosion, not exceeding the face of the policy. Since there was no evidence upon which the jury could base a finding of the amount of such damage, the peremptory instruction requested by plaintiff in error should have been given.

This holding renders it unnecessary to pass upon various other questions presented in the brief. There is no occasion for the question to arise on retrial as to the date from which the plaintiff's demand should bear interest. Proof can readily be presented showing the date upon which the plaintiff's claim for the damage inflicted by fire became due and payable.

Reversed and remanded.