# HAYAT CARPET CLEANING CO., Inc., v. NORTHERN ASSUR. CO., LIMITED, OF LONDON.

## No. 319.

Circuit Court of Appeals, Second Circuit.

March 12, 1934.

See, also (D. C.) 2 F. Supp. 469.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne and George S. Brengle, both of New York City, of counsel), for appellant.

Joseph S. Robinson, of New York City (John P. McGrath, of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff sued upon a policy of burglary insurance and the defence was that the insured had been guilty of a material misrepresentation, in reliance upon which the insurer had bound the risk. An insurance broker, one Rohl, acted for the plaintiff in procuring the policy, and provisionally took out a "binder" until the formal policy was prepared. In this binder were inserted the words: "N. D. T. central station alarm. #111," derived from what Rohl had told the insurer. He had seen a burglar alarm upon the plaintiff's premises and told the defendant that it was there. It was; but the plaintiff had discontinued the service and the alarm had for some months been disconnected from the central station. The policy did not repeat the statement of the binder; nor did it require the insured to install such a system or to keep up the service. The judge charged the jury that the plaintiff was responsible only for such of Rohl's statements as lay within the scope of his authority, leaving them to find its extent; he refused to say that Rohl's representations bound the plaintiff because it had authorized him to get the insurance. This was error; having deputed Rohl as its agent to get insurance, the representation as to the alarm was within his authority; it was reasonably to be expected that the insurer would wish to ask somebody about the premises, and since Rohl was to do more than bring the parties together, was himself to secure the policy, his authority included whatever representations were pertinent to the risk. Armour v. Transatlantic F. Ins. Co., 90 N. Y. 450; Carpenter v. American Ins. Co., Fed. Cas. No. 2428. The jury may have reached their verdict because they believed that Rohl was not authorized to state what appeared in the binder, and the judgment cannot therefore stand unless the defendant's evidence was such that, taken in its most favorable sense, it did not make out a defence.

A jury might have found the representation to have meant, not only that a burglar alarm was on the premises, but that it was connected with the central station; indeed it is scarcely possible that the insurer should not have so understood it, since it was otherwise totally useless. On the other hand it is very difficult to see how the existence of a connected alarm could have been material to the risk without some accompanying warranty to keep up the service, which the policy did not contain. Since, by hypothesis the insured was free to disconnect, or for that matter to take out, the alarm on the day aft-

er the policy attached, we fail to see how its connection merely at that moment could have been important to the insurer. There is indeed a dictum to the contrary in Blumer v. Phœnix Ins. Co., 45 Wis. 622, but we doubt its correctness. We may therefore assume without deciding that the plaintiff would have been entitled to a direction, if nothing more had appeared. But the defendant's witnesses testified that in fact they would not have issued this policy, had they not supposed the alarm to be connected; and a disinterested expert testified that that would be a factor in accepting the risk. That raised a question for the jury, which forbad such a direction. The defendant indeed goes further; it insists that since the statement was made in answer to its own inquiry of Rohl, it became material as matter of law. Whether that be true in the absence of some provision making the policy void for any false answer is doubtful; there are undoubtedly many expressions in the books which seem to go so far, but perhaps they are not to be taken literally. Waterbury v. Dakota F. & M. Ins. Co., 6 Dak. 468, 43 N. W. 697. It is not necessary for us now to analyze the terms of the policies in those cases, because in the case at bar the parties expressly provided that the policy should only be void for "material misrepresentations." "Material" in that connection could not have meant all matters as to which the insurer might inquire, but what was in fact important to the risk. Missouri State Life Ins. Co. v. Pater, 15 F. (2d) 737, 738 (C. C. A. 7); Waterbury v. Dakota, etc., Co., supra. Thus the jury need not, though they might, have found from the defendant's evidence that the existence of a connected alarm was material to the risk; there was therefore an issue to try.

The plaintiff urges that the defendant did not in any case rely upon the representation, because it made its own inspection of the premises. That too was a question of fact. No doubt the statement might have been material and yet the insurer not have relied upon it; it does not follow merely because it made an inspection of the premises that it disregarded what Rohl had said. That might indeed be true, if it had tested the alarm, for that would presuppose that it was not satisfied to depend upon his statement; reliance and verification are incompatible. But the defendant did not in fact test the alarm during the inspection; and it was therefore at best a question for the jury whether the de-

fendant acted upon Rohl's statement. For these reasons we conclude that the judge could not have overruled the defence as matter of law, and that therefore the error to which we have referred was vital to the result.

On the next trial the question will arise as to the effect of two earlier litigations between the parties; the first in the Municipal Court of the City of New York, the second in the City Court. The action in the Municipal Court had resulted in a judgment for the plaintiff; in the action in the City Court this judgment had been offered in evidence as res judicata, but without success, and judgment had been entered for the defendant. At the trial of the action now at bar the plaintiff put in evidence the first judgment and the defendant the second, and the judge held that the two cancelled each other. We have not been asked to review that ruling; the issue of res judicata is not raised; but we are advised that since the judgment now before us was entered the judgment of the City Court has been reversed, thus leaving only the judgment of the Municipal Court; though possibly judgment has also gone for the plaintiff in the second action. Our only reason for mentioning the matter at all is because the defendant seems to suppose that our decision now made will be "the law of the case," and will preclude the District Court from considering the effect of judgments in the state court as they may stand when the second trial comes on. This is thought to result from the doctrine, laid down in a number of cases, that when an appellate court has decided a point, it is res judicata upon a second appeal. Haley v. Kilpatrick, 104 F. 647 (C. C. A. 8); Orient Ins. Co. v. Leonard, 120 F. 808 (C. C. A. 7); Taenzer v. Chicago R. R. Co., 191 F. 543 (C. C. A. 6). We doubt whether this doctrine can be thought to survive at all after Messenger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152. Cf. Southern Ry. Co. v. Clift, 260 U. S. 316, 319, 43 S. Ct. 126, 67 L. Ed. 283. But we need not decide how far it can, for even if an earlier decision be strictly res judicata, and not merely admonitory, it does not conclude the court from deciding a question not passed upon. Mutual Life Ins. Co. v. Hill, 193 U. S. 551, 553, 24 S. Ct. 538, 48 L. Ed. 788. As we do not now pass upon the effect of these judgments, on the new trial they will be open for the decision of the District Court as res integra.

Judgment reversed; new trial ordered.