NORTHWESTERN NAT. INS. CO. v. WESTMORELAND. (No. 1003.)

(Court of Civil Appeals of Texas. El Paso. Oct. 9, 1919. Rehearing Denied Nov. 13, 1919.)

1. INSURANCE ⨭=646(6)—ACTION ON POLICY —BURDEN TO PROVE CAUSE NOT WITHIN EXCEPTIONS OF POLICY.

In an action on a fire policy, the burden is upon plaintiff to show that his cause of action does not fall within excepting clauses in the policy.

2. INSURANCE ⨭=421 — POLICY EXCEPTING DAMAGES FROM EXPLOSIONS.

Under a policy of fire insurance providing that the company should not be liable for loss caused directly or indirectly by explosion of any kind, if a building fell by reason of an explosion before fire broke out, the policy was terminated by the falling of the building.

⨭=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. TRIAL ☞260(3)—INSTRUCTION ON BURDEN OF PROOF.

In an action on a fire policy, where defendant's contention was that building fell before the fire broke out, and that the company was not liable under a clause providing that it should not be liable for loss caused directly or indirectly by explosion, a correct charge upon the law governing liability was not equivalent to a correct charge upon the burden of proof; defendant being entitled to an affirmative charge thereon.

4. TRIAL ☞250—INSTRUCTION ON MATTERS NOT IN ISSUE.

In an action on a fire policy, where there was no pleading or evidence concerning the matter, the court did not err in refusing a charge upon the question of friendly or hostile fire.

5. INSURANCE ☞613—DEMAND BEFORE SUIT FOR PAYMENT OF TOTAL LOSS UNNECESSARY.

A demand of payment of loss and a refusal to pay was not necessary before bringing suit on fire insurance policy, where the loss was total, for the amount became a liquidated demand under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874, upon the total destruction of the building by fire, or as a direct result thereof.

Error from District Court, Midland County; Chas. Gibbs, Judge.

Action by J. J. Westmoreland against the Northwestern National Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Ritchie & Cousins, of Mineral Wells, and R. B. Cousins, Jr., of Thurber, for defendant in error.

HARPER, C. J. Appellant issued its policy in favor of appellee, insuring a building against fire in the sum of $2,500.

The building was destroyed. Appellee brought this action for the full amount of the policy, and upon verdict of the jury in his favor judgment was rendered for the full amount sued for, from which it comes to this court for review. The defense pleaded and urged being that the building was destroyed by an explosion prior to any fire, by reason thereof the insurance immediately ceased because of the following provisions contained in the contract:

"This company shall not be liable for loss caused directly or indirectly by invasion, * * * by explosion of any kind."

"If a building or any part thereof fall except as a result of fire all insurance by this policy on such building or its contents shall immediately cease."

The court did not err, as charged in the first assignment, in refusing to give the requested peremptory instruction for defendant. The facts in this case required submission of the issues to the jury by appropriate instructions.

[1] The first question is: Upon whom rests the burden of proof in suits upon policies containing exception clauses such as those quoted above?

The Supreme Court of this state in the case of Travelers' Insurance Co. v. Harris (Com. App.) 212 S. W. 933, has settled the question by holding that—

"The burden [of proof] rests upon the plaintiff to show that her cause of action does not fall within the excepting clause."

The question then arises, Was the charge on the burden of proof submitted sufficient, as urged by appellee? And the following portions of the court's charge are relied upon:

"If you believe from the evidence in this case that fire broke out, or was set to said building in question, on the occasion in question, and that as a direct result of said fire so breaking, out in said building or being set to said building an explosion occurred which wrecked the said building, and if you further find from the evidence that as a result of said fire and said explosion the plaintiff's building was destroyed, then, and in such event, you will find for the plaintiff, and your verdict will be: 'We the jury find for the plaintiff.'

"If you believe from the evidence that an explosion occurred in or near the said building in question, and that as a direct result of such explosion a fire broke out in said building, or the wreckage thereof, and that as a result of said explosion and fire the plaintiff's said building was destroyed, then and in such event, you will find for the defendant.

"The defendant is not liable under the terms of the policy for the loss of the building in question if such loss resulted from an explosion which caused fire to break out in said building; but the defendant is liable to the plaintiff if fire broke out in said building which caused an explosion which wrecked said building during the conflagration.

"The burden is upon the plaintiff to establish his right to recover by a preponderance of the evidence; and, unless he has discharged this burden, you will find for the defendant."

It will be noted that these quoted paragraphs of the charge nowhere tell the jury that the burden is upon the plaintiff to, by a preponderance of the evidence, "show that the cause of action does not fall within the excepting clauses"; therefore, is not the affirmative charge upon the burden of proof required?

[2] The contention of appellant is that the building was destroyed by an explosion, and after the explosion and by it the fire was spread in the débris, and appellee urges the contrary proposition. This phase of the case was properly submitted by the court.

[3] If the building fell before the fire broke out the policy was terminated (L. & L. & G. Ins. Co. v. Ende, 65 Tex. 118; Pelican

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ins. Co. v. Troy Co-Op. Ass'n, 77 Tex. 225, 13 S. W. 980); but a correct charge upon the law governing liability is not equivalent to a correct charge upon the burden of proof.

[4] Again it is urged that the court erred in refusing a charge upon the question of friendly or hostile fire. There was no pleading nor evidence to call for the charge; therefore not error to refuse it.

[5] There was no necessity for a demand of payment and a refusal before instituting suit, where the loss is total, as shown by the pleadings and proof in this case, for the amount became a liquidated demand under article 4874, Vernon's Sayles' Stat. of Texas, upon the total destruction of the building by fire, or as a direct result thereof.

There are other assignments, but they are not considered material to a proper trial at another time, so we are not called upon to pass upon them.

Reversed and remanded.