## FIRE ASS'N OF PHILADELPHIA v. THOMPSON. (No. 1105.)

(Court of Civil Appeals of Texas. El Paso. April 8, 1920. Rehearing Denied April 29, 1920.)

1. Appeal and error ⊂⊃1001(1)—Question for jury where evidence would support finding either way.

Where there is evidence to support finding either way of a question of fact, it is for the jury to determine, and not for the appellate court.

2. Trial ⊂⊃252(14)—Instruction not sustained by evidence properly refused.

In action on fire policy, where there was no evidence that plaintiff procured the destruction of the property, refusal of requested special charge, submitting such question, was proper.

3. Trial ⊂⊃260(1)—Resubmitting theory of defense properly denied.

Where general charge submitted theory of defense properly, refusal of special charge thereon was not error.

4. Trial ⊂⊃250—Charges without support in pleading or proof properly refused.

In action on fire policy, in absence of pleading and proof to support charges as to whether fire was friendly or hostile, they were properly refused.

5. Trial ⊂⊃233(2)—Quotation of pleadings in instruction held not error.

Where, though trial court quoted pleadings, he instructed jury not to consider them as evidence, there was no error.

6. Trial ⊂⊃194(11)—Instruction in action on fire policy not on weight of evidence.

In action on fire policy, instruction that if jury should find from evidence policies sued on were in force at time of destruction of property, if it was destroyed, and, if they should find property was destroyed by fire while policies were in force, they would find for plaintiff in amount of his damage, *held* not erroneous as on weight of evidence.

Error from District Court, Taylor County; Joe Burkett, Judge.

Suit by W. H. Thompson against the Fire Association of Philadelphia. To review judgment for plaintiff, defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error.

Ben L. Cox and W. J. Cunningham, both of Abilene, for defendant in error.

HARPER, C. J. Appellant issued its policies of insurance upon the fixtures in a pool hall and a Delco lighting system. They were destroyed. Appellee brought this suit for $3,000, their alleged value.

The defense pleaded was general demurrer, general denial, and specially pleaded the following provision of the policy:

"This company shall not be liable for loss caused directly by explosion of any kind, unless fire ensues, and in that event, for the damage by fire only.

"If a building or any part thereof fall except as a result of fire, all insurance by this policy on such building or its contents, shall immediately cease "

—and alleged that a severe explosion occurred in the building in which the property was situated, by which the building and the property of plaintiff were demolished and destroyed, etc., and not as a result of fire; set up the provision in the policy that it should be void if the assured should be guilty of fraud in any matter touching the insurance, and alleged that plaintiff had been guilty of fraud, and that the loss was caused by the procurement of the plaintiff, and for that reason he should not recover; that the plaintiff had another policy with another company, and pleaded the pro rata contribution clause con-

tained in each policy. Submitted to jury upon general charge, and upon their verdict judgment was rendered for plaintiff for $1,-420, from which it comes here for review.

In Northwestern Ins. Co. v. Westmoreland, reported in 215 S. W. 471, suit for the value of the building, some of the questions urged here were passed on by this court.

The first proposition urged is that the court should have given the requested peremptory charge for defendant. The evidence is sufficient to require the court to submit the questions to the jury. It is almost wholly circumstantial upon the issue of whether the fire preceded the explosion or the explosion the fire, but, we think, sufficient to support the finding in favor of plaintiff upon the issue.

[1] The next proposition is that the undisputed evidence is that the damage was the result of the explosion and not of fire; therefore defendant was not liable under the provisions of the policy pleaded. This proposition is very near akin to that next above, and we cannot hold that the undisputed evidence shows that the damages to the property were all due to the explosion and none to the fire. There is evidence to support a finding either way; therefore it was a question for the jury to determine. Wheeler v. Phœnix Ins. Co., 203 N. Y. 283, 96 N. E. 452, 38 L. R. A. (N. S.) 474, Ann. Cas. 1913A, 1297, and note; Stephens v. Fire Ass'n Phil., 139 Mo. App. 369, 123 S. W. 63.

[2] Second. It is claimed that the court erred in refusing a special charge submitting the question whether or not the plaintiff procured the destruction of the property. This was not error, for the reason that we find no evidence of any character to support a charge to that effect.

[3] The third, sixth, and seventh urge error in refusing a special charge to the effect that if the building in which the property was situated fell as the result other than from fire to find for the defendant. The general charge of the court submitted this theory of the defense in a proper manner.

[4] The fourth and fifth are that the court erred in refusing charges as to whether this was a "friendly" or "hostile" fire. In this there was no error, because there was neither pleading nor proof to support such charge.

[5] No error in eighth, because, whilst the court quoted pleadings, he instructed the jury not to consider them as evidence.

[6] Ninth and tenth assignments object to the following portion of the charge because upon the weight of the evidence:

"If you should find from the evidence in this case that the policies sued on by plaintiff, and which are described in the pleadings, and which were offered in evidence, were in force and effect at the time of the destruction of said property, if it was destroyed, and if you should find that said property was destroyed by fire, while said policies were in force and effect, then you will find for plaintiff for such sum as you may find from the evidence that he has been damaged by virtue of the loss or destruction of said property by said fire only if it was destroyed by fire."

It seems apparent that the charge is not subject to the criticism. We do not find the judgment to be excessive.

Finding no error, the assignments are overruled, and cause affirmed.