**NORTHWESTERN NAT. INS. CO. v. WESTMORELAND. (No. 1144.)**

(Court of Civil Appeals of Texas. El Paso. Jan. 6, 1921. Rehearing Denied Jan. 27, 1921.)

Insurance ⬅️421 — Insurer liable if explosion was caused by fire, notwithstanding clause exempting it from liability for loss caused by explosion.

Under policy exempting insurer from liability for loss caused directly or indirectly by an explosion, the insurer is liable if there was a fire in the building which caused the explosion, but is not liable if the building was destroyed by an explosion before the fire ensued.

Error from District Court, Midland County; Chas. Gibbs, Judge.

Suit by J. J. Westmoreland against the Northwestern National Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

R. B. Cousins, Jr., of Strawn, for defendant in error.

HARPER, C. J. Appellee, J. J. Westmoreland, brought this suit on a fire policy against the Northwestern National Insurance Company for $2,500, the face of the policy.

The defendant answered by general demurrer, general denial, and specially pleaded the following clauses in the policy:

"This company shall not be liable for loss caused directly or indirectly * * * by explosion of any kind." "If a building or any part thereof fall except as a result of a fire, all insurance by this policy on such building or its contents shall immediately cease."

It alleged that an explosion occurred which caused the building to fall prior to any fire, therefore the policy had ceased.

Tried with jury, and verdict and judgment for $2,500. Appealed.

This is the second appeal of this case; the jury having found in favor of the plaintiff upon both trials. See 215 S. W. 471.

The first assignment urges that the court should have given a peremptory instruction for defendant because "the undisputed evidence shows that the damage to the building was caused by an explosion, and not by fire." Overruled.

We ruled to the same effect upon the former appeal of this case, and also in the case of Fire Ass'n of Philadelphia v. Thompson, 220 S. W. 795, suit on policy for contents of the same building.

Second. The complaint that the court failed to charge the jury is not supported by the record, but, to the contrary, it contains a full charge.

Third. By several assignments appellant complains of the failure of the trial court to charge the jury that the burden of proof was upon the plaintiff to establish the amount of loss by fire as distinguished from explosion.

Fourth. To charge the jury to find whether the building fell as a result other than of fire.

The court's main charge clearly presented the test questions, as we view the law, in the case, viz.: If there was fire in the building which caused the explosion, the insurance company is liable, but, if the building was destroyed by an explosion before the fire ensued, not liable. For a more extensive discussion of the question, see N. W. Ins. Co. v. Mims, 226 S. W. 738. In fact, the charge given was more onerous upon plaintiff than the rules justify.

Assignments are all overruled, and cause affirmed.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes