LIVERPOOL & LONDON & GLOBE INS. CO., Limited, v. CURRIE.
(No. 1238.)

(Court of Civil Appeals of Texas. El Paso. Oct. 13, 1921. Rehearing Denied Nov. 10, 1921.)

1. Insurance ⬡421—Loss by fire includes loss from explosions directly resulting from fire on insured premises.

Insurance against loss by fire includes all loss from explosions which are the direct result of an antecedent fire upon the insured premises.

2. Insurance ⬡421—Insurer against fire not liable for damages from explosion caused by antecedent fire on other premises.

An insurer against fire is not liable for loss from an explosion caused by an antecedent fire occurring on premises other than those insured.

3. Estoppel ⬡78(2)—Question of whether loss from an explosion was protected by policy was not decided by agreements fixing amount of damages.

Written agreements between insurer and insured, treating an explosion as the cause of damage and fixing the amount, will not preclude the insured from claiming that the loss from the explosion was insured against.

Error from District Court, Midland County; W. P. Leslie, Judge.

Action by Robert Currie against the Liverpool & London & Globe Insurance Company, Limited. From judgment for plaintiff, defendant brings error. Reversed and rendered.

Locke & Locke, of Dallas, for plaintiff in error.

B. Frank Haag and Chas. L. Klapproth, both of Midland, for defendant in error.

HIGGINS, J. Plaintiff in error issued an insurance policy to the defendant in error, Currie, insuring a building "against all direct loss or damages by fire, except as hereinafter provided," in the sum of $3,200. In a subsequent clause of the contract it was stipulated that—

"This company shall not be liable for loss caused directly or indirectly by invasion * * *; or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind."

The Westmoreland building and Currie's building were situate in the same block and upon the same side of the street in Midland, Tex. There was a building between the Westmoreland and Currie buildings. About midnight on May 28, 1918, and during the life of the policy a terrible explosion occurred in the Westmoreland building. The explosive substance was vaporized gasoline. The only person present at the time of the explosion was Tom Carr, an employee of a pool hall conducted in the Westmoreland building. His dead body was found immediately after the explosion upon the ground a short distance from the back door of the pool hall. The explosion completely demolished the Westmoreland building. The parties who arrived immediately after the explosion found the ruins enveloped in flames. The concussion from the explosion greatly damaged the Currie building. Thereafter Currie brought this suit upon the policy and recovered.

[1] The controlling question relates to the liability of the plaintiff in error for the damage wrought by the explosion. It is very generally held that insurance against loss by fire includes all loss from explosions which are the direct result of an antecedent fire upon the insured premises. In such case the explosion is regarded as a mere incident of the fire and the damage sustained as the direct and proximate result of the fire. This principle has been recognized in a case before this court wherein the owner of the Westmoreland building sought and obtained a recovery upon a policy issued to him covering the building wherein this same explosion and fire was in question. Ins. Co. v. Westmoreland, 215 S. W. 471.

[2] But after diligent search we have been unable to find any case holding that damage from an explosion was within the risk assumed under a fire policy containing an explosion clause as an excepted risk where the explosion occurs in, and is caused by, an antecedent fire in a building other than the insured premises. The authorities all say there is no liability, and this court has so held in the companion case of Insurance Co. v. Mims, 226 S. W. 738. See Hustace v. Ins. Co., 175 N. Y. 292, 67 N. E. 592, 62 L. R. A. 651; Ins. Co. v. Roost, 55 Ohio St. 581, 45 N. E. 1097, 36 L. R. A. 236, 60 Am. St. Rep. 711; Hall v. Ins. Co., 115 Tenn. 513, 92 S. W. 402, 112 Am. St. Rep. 870, 5 Ann. Cas. 777; Miller v. Ins. Co., 41 Ill. App. 395; Caballero v. Ins. Co., 15 La. Ann. 217; Ins. Co. v. Adams (Ky.) 127 S. W. 1008; Metropolitan, etc., v. Bergheim, 21 Colo. App. 527, 122 Pac. 812; Everett v. London Ass. Co., 19 C. B. N. S. 126; Clement on Fire Ins. 123; 3 Joyce on Insurance, par. 2587; Wood on Fire Insurance, par. 104.

The views of this court are stated in the Mims Case, 226 S. W. 738, where the authorities are reviewed at length. The undisputed evidence shows that the damage to the Currie building was wrought by an explosion

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in the neighboring Westmoreland building. The written agreements of the parties show that such damage was caused by the explosion. The damage, if any, from the flames in the Westmoreland building was negligible. Nor is there any evidence of the amount of the damage caused by the flames. Since the plaintiff in error was not liable for the damage caused by the explosion in the Westmoreland building, the peremptory instruction in its favor should have been given as requested. The assignments complaining of its refusal are sustained.

Those assignments are overruled which assert that there is no evidence to support a finding that the explosion was caused by an antecedent fire in the Westmoreland building. This question was considered in the Westmoreland Case, 215 S. W. 471, and it was held to be an issue of fact under the evidence whether the fire preceded and caused the explosion, or was subsequent to and caused by the explosion. The ruling thus made is adhered to. But, under the authorities cited above the fact that the explosion in the Westmoreland building was caused by an antecedent fire therein does not render the plaintiff in error liable for the damage to the Currie building caused by such explosion.

[3] Those assignments are also overruled which assert that under certain written agreements between the parties the defendant in error is precluded from claiming that the damage wrought by the explosion was a loss protected by the policy. These agreements properly treat the damage as caused by the explosion and fix the amount thereof, but they in no wise relate to or control the question of liability under the policy for such damage. That is a legal question, and the agreements in no manner affect its disposition.

What has been said disposes of all assignments.

The evidence being undisputed and fully developed, the judgment is reversed, and here rendered for plaintiff in error.

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes