**NORTH BRITISH & MERCANTILE INS. CO., Limited, v. ARNOLD et al.**

No. 11520.

Court of Civil Appeals of Texas. Galveston.

April 27, 1943.

Rehearing Denied May 20, 1943.

Chilton Bryan, of Houston, (Bryan & Bryan, of Houston, of counsel), for appellant.

Adams & Morgan and Kennedy & Granberry, all of Crockett, for appellees.

MONTEITH, Chief Justice.

This suit was brought by appellees, L. H. Arnold et al., to recover under a fire insurance policy issued by appellant, North British & Mercantile Insurance Company, Limited, insuring appellees against loss by fire on a warehouse and additions thereto located at Crockett, Texas. The property was alleged to have been totally destroyed by fire while the policy was in force.

Appellant Insurance Company in its answer denied any liability to appellees under said insurance policy. It pled, among other defenses, that (1) the building in question was destroyed by an explosion which occurred therein prior to the outbreak of the fire and that the fire which resulted from the explosion consumed only the debris, and that (2) a part of the building had fallen before the fire originated and that the insurance company's liability under said policy ceased at that time.

In answer to special issues submitted, the jury found, in substance, that the damage to appellees' building was proximately caused by fire which totally destroyed the building and that no explosion occurred in the building prior to the origin of the fire.

Based on the answers to such special issues, the trial court rendered judgment against appellant and in favor of appellees in the sum of $2,000.

The insurance policy in question was for the face amount of $2,000. It was written on December 21, 1940, to run for a period of one year and to cover the warehouse in question and its contents. It contained the following provisions:

"This company shall not be liable for loss caused or (unless fire ensues, and in that event, for the damage by fire only) by explosion of any kind."

"If a building or any part thereof falls, except as a result of fire, all insurance by this policy on said building or its contents shall immediately cease."

The building in question was destroyed in the early morning of January 27, 1941. There was no direct testimony as to how the fire originated or whether it preceded the explosion which was heard shortly before the fire was discovered and the fall of any part of the building. The night watchman who was on duty at the time testified that he passed the building in making his rounds shortly before the fire and saw no evidence of a fire; that some eight minutes later he heard an explosion and that several minutes later the fire alarm sounded. The first parties who arrived at the scene of the fire testified that they found the building in flames. The majority of the witnesses

testified that the walls of the building were down when they arrived. Appellee L. H. Arnold testified that when he arrived at the scene of the fire the whole building was burning, but that all of the walls of the building were standing with the exception of a few planks which were down on the east side of the building.

Appellant contends that the answers of the jury to the issues submitted, to the effect that the damage to said warehouse building was proximately caused by fire and that the fire was not caused by an explosion which occurred in said building prior to the origin of the fire, are not supported by the evidence and that they are contrary to the great weight and preponderance of the evidence adduced on the trial of the case. This contention cannot, we think, be sustained under the record.

The case of Fire Association of Philadelphia v. Thompson, Tex.Civ.App., 220 S.W. 795, 796, error dismissed, involves a fact situation and questions almost identical with those in the instance case. In that case the only witness who could have thrown any light on what had occurred was a watchman whose body was found near the wreckage after the explosion and fire. Recovery was sought for the insurance on personal property destroyed in one of the buildings. The insurer in the Thompson case made the identical defenses that were made by the appellant in this case. It took the position, as does the appellant here, that the evidence was not sufficient to support the findings of the jury that the fire preceded the explosion and that the falling of the building was caused by the explosion. The court in its opinion said:

"The first proposition urged is that the court should have given the requested peremptory charge for defendant. The evidence is sufficient to require the court to submit the questions to the jury. It is almost wholly circumstantial upon the issue of whether the fire preceded the explosion, or the explosion the fire, but, we think, sufficient to support the finding in favor of plaintiff upon the issue.

"The next proposition is that the undisputed evidence is that the damage was the result of the explosion and not of fire; therefore defendant was not liable under the provisions of the policy pleaded. This proposition is near akin to that next above, and we cannot hold that the undisputed evidence shows that the damages to the property were all due to the explosion and none to the fire. There is evidence to support a finding either way; therefore it was a question for the jury to determine."

The following cases grew out of the same fire and explosion. They are cited in support of the legal principles involved: Northwestern National Insurance Co. v. Westmoreland, Tex.Civ.App., 215 S.W. 471; Fire Association of Philadelphia v. Thompson, Tex.Civ.App., 220 S.W. 795, error dismissed; National Ben Franklin Insurance Co. v. Thompson, Tex.Civ.App., 220 S.W. 796; Northwestern National Insurance Co. v. Mims, Tex.Civ.App., 226 S.W. 738; Liverpool & London & Globe Ins. Co. v. Currie, Tex.Civ.App., 234 S.W. 232, error refused.

The verdict of the jury in the instant case, as in the Thompson case, is based upon circumstantial evidence. The witnesses in this case could only testify as to what they saw after they arrived at the scene of the fire and from this the jury had the task of determining which occurred first, the fire or the explosion. The jury found that the fire preceded the explosion. Appellee, L. H. Arnold, an interested witness, was the only witness who testified that the walls of the building were standing when he arrived at the scene of the fire after the explosion.

It is peculiarly within the province of the jury to pass upon the credibility of the witnesses. They may accept the testimony of a witness as true or untrue from his manner of testifying, his interest in the result of the litigation, or other facts which bear on his credibility and may give the testimony such weight as is considered proper. Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447; Arcadia Refining Co. et al. v. Cook et al., Tex.Civ.App., 146 S.W.2d 767.

Appellant complains of the action of the trial court in rendering judgment for appellees, for the alleged reason that nowhere in the charge or in the issues submitted was the jury required to make a finding as to whether the building in question was destroyed as a direct and proximate result of a "hostile fire" which preceded any explosion therein. The record shows that the appellant requested special issues setting up its defensive theory of the case and its defensive issues, which were refused by the court, including appellant's definition of "hostile fire". This contention cannot be sustained.

While it is true that no issues were submitted by the trial court inquiring as to whether the fire in question was a "hostile fire" or a "friendly fire", the record shows that there was no evidence that the fire in question could have been a "friendly fire". The fire occurred in the early morning hours in a locked warehouse. While the building had been wired for electricity it was not connected with the power line. The building was not piped for gas and no gas was used therein, and there was no heating appliances in the building.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.