**GARFIELD MUTUAL FIRE AND STORM INSURANCE ASSOCIATION, Appellant,**

**v.**

**Allen T. CALHOUN, Appellee.**

**No. 1005.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 31, 1975.

Rehearing Denied Jan. 30, 1976.

Walter R. Long, Jr., Long & Whitehead, Karnes City, Crain, Crain & Sheppard, Cuero, for appellant.

Nathan Hoffman, Law Office of O. F. Jones, Victoria, for appellee.

## OPINION

YOUNG, Justice.

This suit was brought by Allen T. Calhoun to recover under an alleged fire insurance policy issued by the Garfield Mutual Fire and Storm Insurance Association insuring Calhoun against loss by fire of his residence and its contents located in Goliad County, Texas.

The association in its answer generally denied any liability. Trial was before a jury and submitted on special issues. In answer to the special issues submitted, the jury in substance found that a policy of insurance issued by the association did exist with Calhoun suffering damage to his residence of $9,000.00 and to the contents of $13,250.00. Based on those jury answers, the trial court rendered judgment against the association and in favor of Calhoun for insurance benefits of $6,000.00 plus attorney's fees of $2,125.00. From that judgment the association appeals.

Calhoun resided in his family home near Goliad, Texas, on January 6, 1972, the date of the loss. The home was purchased by him from his mother sometime prior to 1966. Calhoun's mother at that time had a policy of fire insurance coverage on the house and its contents, which insurance Calhoun took over upon purchasing the home.

Upon the purchase and notification to the appellant, Calhoun's name was substituted as the owner of the residence on or about September 1, 1966. The policy of insurance as originally issued provided for damages arising from fire with an overall limit of $10,700.00. This included $4,000.00 on the dwelling; $4,000.00 on the rent house; $2,000.00 on the furniture; and $700.00 on the barn. The only item in controversy here is the dwelling and its contents (furniture). Calhoun testified that the premium on the policy had been paid each succeeding year and that he had paid the premium covering the period in which he alleges his damages occurred. The residence in question and its contents were destroyed in the latter part of the evening around 10:00 p.

m. on January 6, 1972, by an explosion and fire. Subsequently the premises were inspected by Romeo Korth, the secretary-treasurer of appellant association. His testimony established that the damages occurring on the dwelling and furniture exceeded the coverage afforded by appellant's insurance policy. Appellee gave the required notice and proof of loss as required by appellant. Nevertheless, liability was denied by appellant.

Calhoun then brought suit against appellant to recover under a policy of insurance allegedly issued by appellant covering the dwelling and its contents. Upon trial, it was determined that neither the appellee nor appellant had a copy of the policy originally issued to Calhoun's mother. Calhoun testified that he never had, nor had he ever seen, that policy of insurance; he just paid the premium on it when it became due. It is undisputed, however, that there was an outstanding policy of insurance on the Calhoun residence and furniture on the date of the damage issued by appellant allowing $4,000.00 coverage on the dwelling and $2,000.00 coverage on the contents. Exactly what coverage was provided for in the absent policy was disputed; whether it was limited to fire and lightning only or whether it included explosions as well.

At the close of appellee's evidence, appellant moved for an instructed verdict asserting as grounds, among other things: (1) that there is no evidence showing the terms of the alleged certificate of insurance which is pleaded by the plaintiff as the basis of his cause of action; and (2) that there is no evidence to indicate that the plaintiff was insured against either fire or explosion, and if there is any evidence that he was insured against fire, there certainly is no evidence that he was insured against explosion; all the evidence shows that the damages resulted from explosion and not from fire.

It was appellee's contention that although a major portion of his losses resulted directly from the explosion, there was a fire that caused the explosion and thus he had coverage for his losses. The trial court denied appellant's motion, and appellant tendered no evidence thereafter.

The case was then submitted to the jury on special issues. In answer to certain special issues, the jury answered: (1) that on January 6, 1972, the plaintiff Allen T. Calhoun was insured under a policy issued by the defendant Garfield Mutual Fire and Storm Insurance Association; (2) that there was no damage caused to plaintiff's house by fire; (3) that the damage caused to plaintiff's house by reason of fire was not a total loss; (4) that the extent of damage to the contents of plaintiff's house caused by fire was $100.00; (5) that the extent of damage to plaintiff's house caused by explosion was $9,000.00; (6) that the extent of damage to the contents of plaintiff's house caused by explosion was $13,250.00; (7) and that reasonable attorney's fees were $1,250.00 in the trial court; plus $900.00 if the case were appealed to the Court of Civil Appeals; and plus $500.00 if the case were appealed to the Supreme Court of Texas. From this verdict the trial court rendered its judgment for appellee.

It is undisputed that a policy of insurance issued by appellant on the Calhoun premises did exist and was in effect at the time of the fire and explosion. In answer to certain interrogatories, Mr. Romeo Korth, secretary-treasurer of appellant testified that, although not knowing of the exact terms of the policy between appellant and Calhoun, the appellant had outstanding a certificate of insurance that purported to afford Mr. Calhoun $4,000.00 dwelling coverage and $2,000.00 furniture coverage at the time of Calhoun's loss. The evidence also shows that the original policy issued to Calhoun's mother had only fire coverage and did not have extended coverage which would include losses resulting from explosion. In fact, Calhoun testified that his mother had told him that the premises were covered only for fire. There was no evidence that subsequent to purchasing the property and taking over the premises and the insurance policy thereon that Mr. Calhoun acquired

any additional coverage for anything other than fire coverage.

A blank duplicate (known as the Texas Standard Form) of the policy alleged to be in effect at this time was introduced into evidence, not for the purpose of showing coverage, but for the purpose of showing the type of policy that appellant issued and which Mr. Korth testified was identical to the policy that was issued to Mrs. Calhoun and was in effect at the time of the loss. Therefore, although the insurance policy in question was not available for examination, a facsimile was provided with additional evidence going to show the extent of the coverage to be for fire only.

■ The extent of the coverage having been shown and established, the question next presented was whether appellee's loss fell within such coverage, i. e., were the damages incurred by appellee the result of fire or were they the result of an explosion. If the losses were caused solely by the explosion and not by antecedent fire, then there is no coverage. It has been generally held that insurance against loss by fire includes all loss from explosion which is the direct result of an antecedent fire upon the insured premises. In such case the explosion is regarded as a mere incident of the fire and the damage sustained is the direct and proximate result of the fire. *Liverpool & London & Globe Ins. Co., Limited v. Currie,* 234 S.W. 232 (Tex.Civ.App.—El Paso 1921, writ ref'd); *Northwestern Nat. Ins. Co. v. Westmoreland,* 215 S.W. 471 (Tex.Civ.App.—El Paso 1919, no writ). See also *North British & Mercantile Ins. Co., Ltd. v. Arnold,* 171 S.W.2d 215 (Tex.Civ. App.—Galveston 1943, no writ).

In determining the liability of the insurer for the damage sustained, we deem it advisable to note the distinction between fires that are hostile and those which are friendly, in view of the testimony of Calhoun that the explosion could have been caused by the pilot light of a heater or stove. The weight of authority is that as long as a fire burns in a place where it was intended to burn and ought to be, it is regarded as an agency for the accomplishment of some intended purpose, although damages may have resulted where none were intended. Thus such fire is a "friendly fire" and insurers are not liable for damages flowing therefrom; but, where a friendly fire escapes from the place where it ought to be to some place where it ought not to be, resulting in damages, such fire becomes a hostile peril for which the insurers are liable. See *Reliance Ins. Co. v. Naman,* 118 Tex. 21, 6 S.W.2d 743 (Tex.Com.App.1928, opinion adopted); *Progress Laundry & Cleaning Co. v. Reciprocal Exchange,* 109 S.W.2d 226 (Tex.Civ.App.—Dallas 1937, writ dism'd). For the appellee to recover, therefore, he must show that there was a fire and that the fire was a "hostile fire".

In its first point of error, the association asserts that the trial court erred in overruling its motion for directed verdict inasmuch as appellee failed to sustain his burden of proof and brought forth no probative evidence to prove: (1) that the destruction of the building was caused by fire as to come within the coverage offered by any policy of insurance issued by the appellant to appellee; and (2) that the destruction of the building by explosion was covered under any policy of insurance issued by appellant to appellee. So the primary question before this Court is whether there existed an issue of fact under the evidence whether the fire preceded and caused the explosion, or was subsequent to and caused by the explosion.

■ Since we have an instructed verdict question in this case, we must review the evidence in the most favorable light in support of appellee Calhoun's position. *Anderson v. Moore,* 448 S.W.2d 105 (Tex.Sup. 1969); *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d 752 (Tex.Sup.1970); *T–L Drilling Company v. Northern Propane Gas Co.,* 516 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Bass v. General Motors Corporation,* 491 S.W.2d 941 (Tex.Civ. App.—Corpus Christi 1973, writ ref'd n. r. e.). A proper determination of this ques-

tion must be based on an acceptance of the evidence and the inferences therefrom most favorable to the plaintiff's case, discarding contrary evidence and inferences. *White v. White,* 141 Tex. 328, 172 S.W.2d 295 (1943); *Triangle Motors of Dallas v. Richmond,* 152 Tex. 354, 258 S.W.2d 60 (1953); *T–L Drilling Company v. Northern Propane Gas Co.,* supra. In other words, if a fact issue exists whether a fire caused the explosion or whether the explosion caused the fire, then the trial court was correct in refusing to instruct a verdict for appellant.

■■ In order for appellant to be found liable on the policy of insurance, the appellee had to show that his losses were the result of a "hostile fire" caused explosion. Mr. Calhoun testified as follows:

"Q  Was part of the house, as reflected in these photographs, burned or charred?

A  Yes. The whole exterior at the bottom where it blew everything out of the bottom, it was very evident that the explosion occurred under the house. All the insulation was scorched on the sides. There was definite evidence of fire. I presume that the force of explosion blew the fire out and, thank God, probably saved our lives doing it."

Although there was no direct evidence whether the explosion was caused by a "hostile fire", an issue of fact thereof may be raised by circumstantial evidence. See 3 McDonald, Texas Civil Practice § 11.28.3 (1970). Taking the above testimony together with the facts in evidence of charred and burned wood underneath the house where the butane lines feed into the house, and the charred insulation in the house, we therefore conclude that a fact issue did exist whether the losses sustained by the plaintiff were the result of a "hostile fire" caused explosion. Appellant's first point of error is overruled.

■ In appellant's second point of error, it is contended that the trial court erred in submitting to the jury, over appellant's objection, Special Issue No. 1, because such issue did not· ask the ultimate question about the perils covered by an alleged policy issued by appellant.

It appears, however, that appellant has failed to properly perfect this point on appeal. Appellant filed its "Defendant's Objection and Exceptions to the Charge of the Court". But these objections are not shown to have been presented to the Court for its ruling and endorsement thereon under Rule 272, T.R.C.P.

We hold, therefore, that the failure of appellant to obtain the trial court's ruling and endorsement on the objections to the court's charge as required by Rule 272 does not preserve those objections for appellate review. *Coastal States Crude Gathering Company v. Williams,* 476 S.W.2d 339 (Tex. Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.); *Long v. Smith,* 466 S.W.2d 32 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *Blackmon & Associates Inc. v. Palmer Bldg. Sup. & Spec., Inc.,* 463 S.W.2d 228 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); Rule 272, supra. Appellant's second point of error is overruled.

■ In appellant's third point of error, it states that the trial court erred in awarding attorney's fees to appellee in its judgment under the terms of Texas Ins.Code Ann. articles 6.13 and 3.62 (1963). This is so, it is argued, because the loss suffered by plaintiff was not a total loss by fire of property insured, as required by article 6.13, in order for the same to be a liquidated demand; nor was the appellant a life insurance company, or accident insurance company, a life and accident insurance company, a health and accident insurance company, or a life, health or accident insurance company as required by article 3.62.

Appellee admits in his brief that his right to recover attorney's fees is not based on Article 3.62, supra, which admittedly only applies to life, health and accident policies. Therefore the question before us is whether Article 6.13, supra affords any basis for

awarding attorney's fees to plaintiff. Article 6.13 provides in part as follows:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property."

This statute does not provide for attorney's fees, but provides that a fire insurance policy will be held and considered to be a liquidated demand when there is a total loss by fire of the property insured. The jury in answer to Special Issue No. 3, of which there is no complaint by appellee, found that the damages caused to plaintiff's house by reason of a fire was not a total loss. Because there was not a total loss, such statute has no application here. Appellee argues that this case is governed by *Home Ins. Co. v. Boatner*, 218 S.W. 1097 (Tex.Civ.App.—San Antonio 1920, writ dism'd). Attorney's fees were awarded in that case on a recovery of a fire insurance policy, but the case is not in point because there was a total loss by fire of the insured premises. There is also no indication in *Boatner* of the basis, contract or statute, upon which the attorney's fees were awarded. Appellant's third point of error is sustained.

Therefore, the judgment of the trial court with respect to liability of appellant on its contract of insurance should be affirmed and the judgment with respect to attorney's fees should be reversed and rendered. That part of the judgment of the trial court that assesses all costs against the appellant is reformed, and judgment is here rendered that ¾ths of the costs in the trial court is hereby assessed against the appellant, and the remaining ¼th of the costs is hereby assessed against the appellee. The costs incurred in this Court are taxed in the same proportion.

The judgment of the trial court is affirmed in part and reversed and rendered in part.